STATE of Wisconsin, Plaintiff-Respondent,

v.

Roy E. STOWERS, Defendant-Appellant.

Court of Appeals

*No. 93–0171–CR. Submitted on briefs June 3, 1993.—Decided June 17, 1993.*

(Also reported in 503 N.W.2d 8.)

For the defendant-appellant the cause was submitted on the briefs of *Stephen R. Buggs* of *Karrmann, Buggs, Baxter & Novak* of Platteville.

For the plaintiff-respondent the cause was submitted on the brief of *Margaret M. Zimmer*, assistant district attorney, and *Wm. Andrew Sharp*, district attorney, of Richland Center.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J. Roy E. Stowers appeals from a judgment convicting him of fourth degree sexual assault, contrary to sec. 940.225(3m), Stats., upon his plea of no contest.

He argues that the trial court erred in ordering him to pay restitution in the sum of $5,000 to the victim. He claims that the trial court lacked authority to enter the order, that there was no evidence upon which to base such an award, and that the court otherwise exceeded its discretion in making it.

Because the trial court's remarks in ordering the restitution indicate that some unspecified portion of the award was intended as general damages to the victim, which are not allowable by statute, and because there is insufficient evidence to support a specific monetary award in the sum of $5,000, or any other sum, as

allowable restitution, we reverse and remand for a new hearing.

The facts are not in dispute. Stowers is fifty-five years old, and his victim was a seventeen-year-old girl who testified at the preliminary hearing that Stowers had been sexually assaulting her over a period of several years. At the sentencing hearing, the victim testified that she had been hospitalized for a week due to a posttraumatic stress disorder resulting from her relationship with Stowers and that she was receiving weekly counseling for her problems. She also discussed a variety of other personal problems, some of which she felt were related to the stress disorder.

At the conclusion of the testimony, the prosecutor stated to the court that he was not requesting any fine but, in lieu thereof, was requesting "$5,000 in restitution" to be paid to the victim. As support for the request, the prosecutor stated that "counseling is quite expensive," and that the "$5,000 is kind of a minimum amount that would be necessary for her to continue her counseling." He argued that because of the "problems she is having," it was apparent that "counseling is still a very big part of what she needs, and if things would be put right to any degree in this case, I think that a substantial amount of money for counseling is completely appropriate."

The trial court began by noting that it had the authority to impose a fine on Stowers of up to $10,000, "which would go all to the state" or to set "some restitution figure . . . which would go to the victim to aid her in the future . . . ." The court went on to consider the request as one for "damages" similar to those awarded in tort cases, encompassing not only money the victim would have to pay in the future for counseling, but also an element of "redress to th[e] . . . wrong" she had

suffered at Stowers's hands. On the latter point, the court noted that "in that redress . . . figure, we can look to the harm that's been done to date and the harm that is likely to occur in the future" and proceeded to grant the state's request for "restitution in the amount of $5,000," stating:

> In fixing this amount, I am assessing it as damages that have been shown in this case based on what has occurred in the past and what is likely to be necessary to remedy problems caused by the defendant's actions in the past including counseling and other work of that nature and including just the general tort[i]ous conduct on the part of Mr. Stowers.

Stowers argues first that there is no authority in the statutes for an award of "general damages" as the trial court ordered in this case.

█

Restitution in criminal cases is governed by sec. 973.20, Stats. If the crime for which the defendant was convicted "resulted in bodily injury," sec. 973.20(3)(a), authorizes the court to order, as restitution, payment of several items of out-of-pocket pecuniary loss to the victim, including "an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric and psychological care and treatment." [1]

---

[1] Other portions of sec. 973.20(3), Stats., authorize the court to order payment of other, similar costs, such as those involved in "necessary physical and occupational therapy and rehabilitation," reimbursement "for income lost as a result of the crime," and, "[i]f the injured person's sole employment . . . was [as a] homemaker," the order may direct payment of an amount sufficient to ensure continuation of such services during the period of incapacity. In addition, sec. 973.30(4), Stats., authorizes the

Section 973.20(5)(a), Stats., then states that, "[in] any case, the restitution order may require that the defendant . . . [p]ay *all special damages, but not general damages*, substantiated by evidence in the record, which could be recovered in a civil action against the defendant for his or her conduct in the commission of the crime." (Emphasis added.) We agree with Stowers that the court's $5,000 order is, in part at least, one for general, as opposed to special, damages.

The trial court plainly voiced its intent that the $5,000 was to reimburse the victim for her pecuniary loss — the expense of her psychological counseling — *and also* to "redress [the] wrong" that was done to her by Stowers's "general tort[i]ous conduct." The state counters Stowers's argument that the latter element of the court's order constitutes an impermissible award of general damages by referring us to a statement in *State v. Boffer*, 158 Wis. 2d 655, 462 N.W.2d 906 (Ct. App. 1990), which it claims compels the conclusion that, despite the statutory prohibition, restitution may be ordered for a victim's "general damages" suffered as a result of the defendant's acts. We said in *Boffer* that:

> [Section 973.20(5), Stats.,] (a) clearly allows a sentencing court to award special damages if there are no general damages, *i.e.*, the property is returned to the victim who suffered emotional distress. The unambiguous meaning of subsec. (a) is supported by subsecs. (b) and (c), which permit the court to award special or incidental damages in addition to general damages . . . ."[2] 158 Wis. 2d at 661, 462 N.W.2d at 909.

order to require payment of funeral and related expenses should the victim die.

[2] Section 973.20(5)(b), Stats., authorizes the restitution order to require the defendant to "[p]ay an amount equal to the

We do not believe that our reference, by way of *dicta*, to general damages should be read as holding that general damages, as that term is commonly understood in the law, may be included in restitution awards in criminal cases. *Boffer* did not deal with general damages; the restitution ordered in that case was payment of the replacement cost of a stolen stereo system, the type of readily ascertainable pecuniary loss the law has always considered to constitute "special," rather than "general," damages. The case does not state the broad rule the state advances here.

We thus consider whether the order in this case improperly awarded general damages to the victim.

In tort law, which we feel is the most apt analogy to the trial court's action in this case, concepts of general and special damages have meaning primarily at the pleading stage of the action, where the question usually is one of "fair notice from the pleadings." As a result, the discussions in cases and texts generally focus on the need for specific allegations of injury in the complaint. 2 HARPER & JAMES, THE LAW OF TORTS sec. 25.5, at 1309 (1956). Where generalization is possible, however, the authorities uniformly distinguish between "special" and "general" damages by describing the former as representing the victim's actual pecuniary losses, and general damages as those which are not readily susceptible to direct proof or "easily estimable

---

income lost, and reasonable out-of-pocket expenses incurred, by the [victim] resulting from the filing of charges or cooperating in the investigation and prosecution of the crime." Subsection (5) (c) authorizes restitution to "[r]eimburse any person or agency for amounts paid as rewards for information leading to the apprehension or successful prosecution of the defendant for the crime."

in monetary terms." *Lawrence v. Jewell Cos., Inc.*, 53 Wis. 2d 656, 660, 193 N.W.2d 695, 698 (1972). Most often mentioned as examples of general damages are pain and suffering, anguish, humiliation, and injury to feelings or reputation. *Id.*; 2 HARPER & JAMES, at 1310. Special damage, on the other hand, "denote[s] harm of a more material or pecuniary nature," such as "past and future medical, surgical, hospital and like costs." *Lawrence*, 53 Wis. 2d at 660, 193 N.W.2d at 698; 2 HARPER & JAMES, at 1310. *See also* McCORMICK, HANDBOOK ON THE LAW OF DAMAGES sec. 8, at 37 (1935) (in personal injury actions, loss of time and earnings, expenses of drugs, nursing and medical care and similar items considered "special" damages).[3]

We conclude, therefore, that to the extent the trial court's restitution order was intended to compensate the victim for any nonpecuniary injury she may have suffered as a result of Stowers's action, it is not authorized by sec. 973.20, Stats. Indeed, because compensation of that nature would constitute general, as opposed to specific, damages in the most commonly accepted legal usage of those terms, such an award is specifically barred by the language of sec. 973.20(5)(a)

---

[3] Summarizing the cases considering the difference between the concepts of general and special damages in the area of defamation, R.M. Ware, *Defamation, in* 1 THE LAW OF DAMAGES IN WISCONSIN sec. 11.22 (R.M. Ware ed., State Bar of Wisconsin 1992), also describes the former as damages "not easily estimable in monetary terms," such as "harm to the defendant's feelings, reputation, community standing, and so forth," and special damages as those awarded "as compensation for harm of a material, economic, or pecuniary nature," such as "loss of income, loss of earnings, or loss of professional position." (Footnote omitted.)

which, as we have noted, states that restitution may require payment of "special damages, but not general damages."

Thus, to the extent some unidentified portion of the $5,000 restitution order was apparently designed to compensate the victim for general damages, we reverse.

In the interest of facilitating the proceedings on remand, we also consider Stowers's argument that there was insufficient evidence at the hearing to support any order to reimburse the victim for medical or psychological treatment under sec. 973.20(3)(a), Stats.

The statute does not discuss the nature or extent of the proof that must be made to support a restitution order for medical expenses resulting from the defendant's conduct. All it says is that the treatment must be "necessary." In *State v. Pope*, 107 Wis. 2d 726, 321 N.W.2d 359 (Ct. App. 1982), we considered a then-existing companion statute, sec. 973.09(8), Stats. (1981), which contained identical language in a section authorizing restitution to be imposed as a condition of probation. We said that a restitution hearing was not "the equivalent of a civil trial" and did not require "adherence to the strict rules of evidence and burden of proof." *Pope*, 107 Wis. 2d at 729, 321 N.W.2d at 361. And while we sustained a restitution award in that case against a challenge that it was unsupported by the evidence, we noted that the victim had "testified about the value of his wrecked car, the cost of certain repairs, the value of some jewelry, and the amount of [his] medical bills." *Id.* at 730–31, 321 N.W.2d at 361.

In this case, however, there was no evidence of the cost or duration of the victim's psychological counseling or the cost of her hospitalization. And although — as

was also the case in *Pope* — the defendant did not put in any independent evidence on the subject, the *only* evidence to support the order was the victim's testimony that she was receiving counseling one hour a week and had been "since the summertime" (the sentencing hearing was held in January), and that she had been hospitalized for a week in December for "posttraumatic stress disorder."

While we reaffirm our holding in *Pope* that the formalities and legal and evidentiary requirements of a civil trial may be dispensed with in restitution hearings, the evidence adduced at this hearing was insufficient under any standard to support a specific monetary award.

Thus, because the order impermissibly mixed general and special damages and the amount of restitution ordered was not supported by sufficient evidence in the record, we reverse and remand to the circuit court for the purpose of holding a new restitution hearing.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.