STATE of Wisconsin, Plaintiff-Respondent,

v.

Laura WALTERS, Defendant-Appellant.

Court of Appeals

*No. 98–0828–CR. Submitted on briefs November 11, 1998.—Decided February 25, 1999.*

(Also reported in 591 N.W.2d 874.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Todd W. Bennett* of *Bennett and Bennett* of Portage.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jonathon G. Kaiser*, assistant district attorney.

Before Eich, Vergeront and Roggensack, JJ.

ROGGENSACK, J. Laura Walters appeals an order of the circuit court directing her to pay $24,000 in restitution to Mark Olivas for injuries he sustained as a result of an accident Walters caused by operating her automobile while intoxicated. Walters argues that Olivas is not entitled to restitution because he accepted a $25,000 payment and agreed to release all claims against her, prior to the restitution hearing. The circuit court concluded that the release in the civil case was not a defense to restitution in the criminal case, and although the court recognized that any portion of the $25,000 payment made in the civil case which was attributable to special damages should be a setoff against the total amount of Olivas's special damages, it declined to make a setoff. We conclude that a previous settlement in a civil case does not release a defendant from his or her obligation to pay restitution. We also conclude that because Olivas had suffered both special and general damages, Walters had the burden to prove

what portion, if any, of the $25,000 payment was paid for Olivas's special damages. Because Walters provided no facts from which the circuit court could make that determination, we conclude the circuit court did not err in refusing to make any setoff. Therefore, we affirm the restitution order.

## BACKGROUND

On August 14, 1996, Walters ran into the back of Mark Olivas's automobile, injuring him. Walters was intoxicated at the time of the accident. On October 2, 1996, Walters was charged with causing injury by intoxicated operation of a motor vehicle contrary to § 346.63(2)(a)1., STATS., and causing injury by operating a motor vehicle with a prohibited blood alcohol concentration contrary to § 346.63(2)(a)2.

On February 25, 1997, Walters's insurance company paid Olivas $25,000, the policy limits, in exchange for a release of "all claims and damages" which resulted from the accident. On April 3, 1997, Walters was convicted of causing injury by intoxicated operation of a motor vehicle contrary to § 346.63(2)(a)1., STATS. The amount of restitution was left open at the sentencing hearing.

At the restitution hearing on February 6, 1998, the court concluded that the release Olivas signed and the payment he received did not bar a restitution order in a criminal proceeding. The court then found that Olivas had incurred $40,835.17 in special damages, comprised of $9,087.52 in medical expenses and $31,747.65 in lost wages, as well as general damages of an indeterminate amount. The court also found Walters had the ability to pay $24,000 and ordered restitution in that amount, refusing to effect a setoff of the $25,000 payment Olivas

had received against the restitution that it ordered. This appeal followed.

## DISCUSSION

**Standard of Review.**

We independently determine whether the circuit court had authority to order restitution, given a particular set of facts. *State v. Schmaling*, 198 Wis. 2d 756, 760–61, 543 N.W.2d 555, 557 (Ct. App. 1995). If such an order was permissible, we review the terms of a restitution order to determine whether the circuit court erroneously exercised its discretion. *State v. Behnke*, 203 Wis. 2d 43, 57, 553 N.W.2d 265, 272 (Ct. App. 1996). However, when the record will permit only one conclusion in regard to how much restitution should be ordered, the decision becomes an issue of law, which we review *de novo. See Singer v. Jones*, 173 Wis. 2d 191, 195, 496 N.W.2d 156, 158 (Ct. App. 1992).

**Restitution.**

Walters argues that the release signed by Olivas in exchange for the $25,000 insurance payment was an accord and satisfaction; and therefore, a complete defense to restitution. Or in the alternative, if the release was not a complete bar to restitution, Walters contends she is entitled to a setoff of the $25,000 payment made to Olivas against any restitution the court orders. The State contends that Olivas had no claim to restitution that he could have waived because restitution in a criminal proceeding serves penal objectives of the State. Therefore, the release did not affect the circuit court's ability to order restitution, and no setoff was warranted. Neither party disputes the findings of

the circuit court in regard to the amount of Olivas's special damages, the level at which Walters is able to pay restitution and that Olivas suffered general damages of an indeterminate amount, as well as special damages.

Restitution is directed by statute. Section 973.20(1r), STATS., provides in relevant part that:

> the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing . . . unless the court finds substantial reason not to do so and states the reason on the record.

Additionally § 973.20(5) sets certain parameters for what may be imposed by a restitution order. Of relevance to the arguments of the parties here is subsection (5)(a) which states:

> (5) In any case, the restitution order may require that the defendant do one or more of the following:
> (a) Pay all special damages, but not general damages, substantiated by evidence in the record, which could be recovered in a civil action against the defendant for his or her conduct in the commission of a crime considered at sentencing.

The statutes also establish that at a hearing to determine the amount of restitution, the defendant has the burden of proving his or her ability to pay, while the victim has the burden of proving the amount of special damages sustained. Section 973.20(14)(a) and (b). In addition, "[t]he defendant may assert any defense that he or she could raise in a civil action for the loss sought to be compensated." Section 973.20(14)(b).

The supreme court recently interpreted the "any defense" language of § 973.20(14)(b), STATS., in *State v. Sweat*, 208 Wis. 2d 409, 561 N.W.2d 695 (1997). There, the court addressed whether § 973.20(14)(b) allows a defendant to assert the civil, rather than the criminal, statute of limitations to bar individual crime victims' claims for restitution. *Sweat*, 208 Wis. 2d at 411–12, 561 N.W.2d at 696. Based on the placement of the phrase, "any defense," in the statute, the overall purpose of restitution, and the directive, if not mandatory, nature of ordering restitution, the court concluded that § 973.20(14)(b) does not permit a defendant to "raise, after conviction, civil defenses to liability for financial loss"; rather, the defenses relate solely to the amount of restitution that can be ordered. *Sweat*, 208 Wis. 2d at 427, 561 N.W.2d at 702. In an effort to further explain its conclusion, the court stated that:

> a defendant should be able to raise substantive defenses, such as mitigation, set-off, or accord and satisfaction, which go to the measure or amount of total restitution. However, other civil defenses available in a civil action, such as contributory negligence, lack of jurisdiction, or lack of capacity to sue or be sued simply do not make sense in a restitution hearing. Neither does the application of a civil statute of limitations in a restitution proceeding after a defendant has been convicted of a criminal offense. Both the legislative history and the goals of restitution support this result.

*Id.* at 424, 561 N.W.2d at 701. Based on this language, Walters claims both accord and satisfaction and setoff as defenses.

### 1. Accord and Satisfaction.

[1]

Accord and satisfaction is a complete defense to an action to enforce a claim. It bars further liability when an offer of performance in exchange for full satisfaction of a disputed claim is accepted and the promised performance occurs. The disputed claim may initially arise in contract, tort, or otherwise. *Hoffman v. Ralston Purina Co.*, 86 Wis. 2d 445, 453, 273 N.W.2d 214, 217 (1979). Settlements of civil claims promote the public interest of resolving disputes informally and without litigation. *Tower Ins. Co., Inc. v. Carpenter*, 205 Wis. 2d 365, 371–72, 556 N.W.2d 384, 387 (Ct. App. 1996). However, the efficient resolution of civil disputes is not the policy on which restitution in a criminal proceeding is based. Rather, restitution serves the purposes of punishment and rehabilitation of the defendant, while seeking to make the victim of criminal acts whole in regard to the special damages sustained. *Sweat*, 208 Wis. 2d at 428–29, 561 N.W.2d at 703; § 973.20(5)(a), STATS.

■

The *obiter dictum* in *Sweat* mentioned accord and satisfaction as a defense that could be raised in a restitution proceeding. However, when applying that statement, we must understand the court's reasoning and the context in which the statement was made. The basic premise that drives the decision in *Sweat* is that restitution in criminal cases is not a claim which a defendant owns, as a civil claim is. It is a remedy that belongs to the State.[1] Because of that difference, civil

---

[1] This same premise underlies federal cases which have considered the nature of restitution. *See United States v. Sheinbaum*, 136 F.3d 443, 447–48 (5th Cir. 1998); *United States*

defenses which could be used as a complete bar to a subsequent civil action do not preclude a restitution order in a criminal proceeding. Therefore, while the supreme court acknowledged a restitution goal of making the victim whole in regard to special damages sustained, which goal appears to benefit the victim, the court grounded its decision on the State's penal goals that affect the defendant, such as rehabilitation, punishment and deterrence. Because a victim has no independent claim to restitution which he or she can release and because civil defenses cannot be raised in a way which will prevent a court from considering whether restitution should be ordered, we conclude that the defense of accord and satisfaction does not prevent the circuit court from ordering restitution. However, payments made pursuant to a civil case may have a role in the court's consideration of how much, if any, restitution is appropriate in a companion criminal proceeding.

### 2. Setoff.

■

In determining the amount of restitution, a court may require a defendant to pay only special damages sustained by the victim, which are substantiated by evidence in the record. A court is prohibited from ordering restitution for any general damages of the victim. Section 973.20(5)(a), STATS.; *State v. Stowers*, 177 Wis. 2d 798, 804–05, 503 N.W.2d 8, 10 (Ct. App. 1993). This limitation restrains the circuit court from assessing restitution for damages intended to generally compensate the victim for such things as pain and suffering,

*v. Coleman*, 997 F.2d 1101, 1106–07 (5th Cir. 1993); *United States v. Cloud*, 872 F.2d 846, 854 (9th Cir. 1989).

anguish or humiliation. *Id.* However, any readily ascertainable pecuniary expenditure paid out because of the crime is appropriate as special damages. *Id.* Medical expenses and lost earnings are types of special damages. *Id.* at 805, 503 N.W.2d at 10.

A restitution order does not limit or impair the right of a victim to sue for civil damages; however, the amount of restitution paid to a victim in a criminal proceeding may be a setoff against a like amount in the judgment in a companion civil case. *See* § 973.20(8), STATS.; *Olson v. Kaprelian*, 202 Wis. 2d 377, 383, 550 N.W.2d 712, 715 (Ct. App. 1996). No Wisconsin appellate case has directly addressed whether a payment in a civil case can be a setoff against either the total amount of special damages found by the court or against the amount of restitution ordered at the conclusion of a restitution hearing.[2] The supreme court indicated in *Sweat* that a setoff is appropriate for the circuit court to consider, but it did not discuss how to apply it. In addressing this choice, we consider where a setoff will best promote the State's dual purposes of achieving its penal objectives and making the victim whole for the special damages sustained. We conclude that those legislative objectives will be best served by applying any setoff which a circuit court determines is appropriate to the total amount of special damages which the victim has sustained.

---

[2] There may be cases in which these two amounts are the same, as they were in *Sweat*; or they may be different, as they are in the case at hand where Olivas suffered $40,835.17 in special damages and Walters was ordered to pay $24,000 in restitution.

 But how does the circuit court determine whether a setoff of any amount is appropriate? In *Behnke*, we examined a defense raised to limit the amount of the victim's medical expenses which the defendant could be ordered to pay. We declined to make the reduction Behnke requested because we determined he had the burden of establishing facts sufficient to justify the circuit court's lowering the amount of medical expenses he should be required to pay, and he had failed to meet that burden. We explained that:

> [B]efore the trial court can accurately assess a defense recognized by our law of civil litigation, the defendant must present a tangible record with which the trial court can exercise its discretion. Here, while Behnke articulated his dual legal theories, he did not point to any specific facts from which the trial court could have grounded the downward adjustment he desired.

*Behnke*, 203 Wis. 2d at 58–59, 533 N.W.2d at 272–73. The allocation of the burden of proof in a restitution proceeding because of payments made in a companion civil proceeding has not been addressed by a Wisconsin appellate court, but it has been addressed by federal courts under the Victim and Witness Protection Act (VWPA), on which Wisconsin's restitution statute is based, in part. For example, in *United States v. Sheinbaum*, 136 F.3d 443 (5th Cir. 1998), the court concluded that because the defendant had the strongest incentive to litigate whether a setoff should be afforded during a restitution proceeding, the burden of proof on that issue should lie with the defendant. *Id.* at 448. We find the reasoning of *Sheinbaum* persuasive. Therefore, based on *Behnke* and the reasoning from

*Sheinbaum,* we conclude that Walters had the burden of proving facts sufficient to prevail on the defense she raised, that of setoff. Because Olivas suffered general, as well as special damages, that burden required Walters to prove what part, if any, of the $25,000 payment made to Olivas was paid for special damages.

At the restitution hearing on February 6, 1998, the circuit court found that Olivas had proven $40,835.17 in special damages. In reasoning whether some part, or all of the $25,000 should be deducted from that amount, the circuit court stated:

> There is a second issue raised and that is whether the amount of settlement paid previously to the Olivases by Ms. Walters should be deducted in some manner from that total [special damages].
> . . .
> You could say that [settlement] money was all applied to the expenses, but it is really, it's kind of mixing apples and oranges.

The circuit court considered whether some of the $25,000 was paid for general damages, which the court found had been incurred, but for which damages the record was insufficient to determine their amount. It also considered whether a setoff of the $25,000 was due against the total amount of Olivas's special damages; or whether a setoff of that payment against some combination of the two types of damages was warranted. It reasoned that because the testimony had established general damages of an indeterminate amount, it would be unfair to make a setoff of the $25,000 settlement entirely against Olivas's special damages.

■

We conclude the circuit court was correct in refusing to make a setoff. Walters had the burden of proving what portion of the $25,000 payment was made for

special damages, because in this case the record before the court showed that Olivas had suffered both general and special damages. However, Walters provided no such proof; therefore, the circuit court had no choice but to conclude that none of the payment should be applied against special damages. Accordingly, we affirm the $24,000 of restitution ordered.

## CONCLUSION

Because restitution is not a claim belonging to the victim which he or she can release, the settlement for Olivas's claims arising out of the accident was not an absolute bar to the circuit court's consideration of restitution in this criminal case. Additionally, because Walters had the burden of proving which portion, if any, of the $25,000 payment was paid for special damages, but she failed to meet that burden, the circuit court correctly refused to make any setoff.

*By the Court.*—Order affirmed.