Mary Herr, individually and as the Special Administrator for the Estate of Joseph George, Deceased, Plaintiffs-Appellants,

v.

Rodolph J. Lanaghan, Defendant,

Bradley D. DeBraska, Defendant-Respondent,

Jeffrey R. Groth, Kevin Ziolkowski, Kevin Dane, Fausto Delgado, Nicole J. Anderson a/k/a Nikki Anderson, Linda L. Anderson d/b/a The Roadhouse Restaurant and Lounge, and Society Insurance, a mutual company, Defendants.

Court of Appeals

*No. 2005AP422. Submitted on Briefs December 6, 2005.
—Decided January 24, 2006.*

2006 WI App 29

(Also reported in 710 N.W.2d 496.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Mark E. Larson* and *Bradley S. Foley* of *Gutglass, Erickson, Bonville, Seibel & Falkner, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John F. Fuchs* of *Fuchs, DeStafanis & Boyle, S.C.* of Milwaukee.

Before Fine, Curley and Kessler, JJ.

¶ 1. KESSLER, J. Mary Herr, individually and as Special Administrator for the Estate of Joseph George (collectively, "Herr"), appeals from an order granting defendant Bradley DeBraska's motion to offset the restitution ordered in DeBraska's related criminal case against the civil judgment paid in this case. Herr argues that the trial court erroneously: (1) reopened the civil judgment against DeBraska; and (2) offset the restitution order against the civil judgment. We affirm the reopening of the civil judgment, but reverse and remand for an evidentiary hearing on whether the offset should be permitted.

442

## BACKGROUND

¶ 2. Herr's son, Joseph George, was killed by a man named Rodolph Lanaghan outside a tavern, on February 25, 2000. DeBraska and several other men were charged as parties to a crime based on their involvement in the killing. Specifically, DeBraska pled guilty and was convicted of second-degree reckless homicide while armed with a dangerous weapon, party to a crime. He was sentenced on August 29, 2000, to forty-two months of initial confinement and seventy-eight months of extended supervision, and was ordered to pay restitution. The trial court stated:

> There will be joint and several restitution. I'm not sure of the exact amount. That will be determined by the Department of Corrections. Some of that may be changing anyway.
>
> There's no number in the DeBraska presentence. There is a number in [a co-defendant's] presentence, and at that point it was a little over $14,000.
>
> Now [the State] mentioned this morning it was over 15,000. I think the accurate amount ought to be indicated so that we have what that all amounts to.

Although the trial court identified the need to set a final amount of restitution, no order was entered until September 2004, as discussed below.

¶ 3. On February 21, 2002, Herr filed this civil action against the numerous criminal defendants. She later added as defendants the tavern and its insurer.

¶ 4. In August 2003, Herr and DeBraska reached an agreement settling Herr's claims against DeBraska. Although the terms of this agreement were originally confidential, the settlement agreement was ultimately

443

revealed in the course of subsequent proceedings. The agreement provided, in relevant part:

> **FOR AND IN CONSIDERATION** of the payment of Twenty Thousand Dollars ($20,000), Mary Herr ... does hereby fully and forever release and discharge BRADLEY DEBRASKA JR. .... of and from all claims, demands, actions or liability, which she may now have or may hereafter have arising out of the incident on February 24 and 25, 2000 ....
>
> This release specifically includes all claims and causes of action by the undersigned against the released person which are now or could have been presented in the [civil] action currently pending ....
>
> It is understood and agreed that this settlement is the compromise of a disputed claim and the payment is not to be construed as an admission of liability by the released person, whom herein expressly denies any and all liability. This release is intended to effect a full and final settlement of all claims between and among the parties to this release.
>
> The undersigned Mary Herr ... in further consideration, convenants not to sue the released person .... [She] also agrees to defend, indemnify and save the released person harmless from any and all further liability, loss, damage and expense ....
>
> ....
>
> [She] hereby declares and represents that any damages and injuries sustained are not calculated at this time and that recovery therefore is uncertain and indefinite ....

Consistent with the settlement agreement, the trial court on September 22, 2003, signed an order dismissing the claim against DeBraska.

¶ 5. DeBraska was released from prison and placed on extended supervision in early 2004. DeBraska secured employment and his wages began to be garnished in connection with the restitution order, even though no final amount of restitution had been set. It appears that DeBraska objected to the garnishment, while Herr asked the trial court in the criminal case to set restitution.[1] According to an affidavit provided by counsel for De-Braska, there was a conference call involving the district attorney's office, counsel for Herr, counsel for DeBraska and the trial court from the criminal case. DeBraska's counsel later asserted in an affidavit that during the call, it was made clear that DeBraska would pursue offset in the civil court, and would therefore agree to stipulate to set restitution in the criminal case at $17,209.88.

¶ 6. On October 5, 2004, DeBraska filed a motion, brief and supporting affidavit seeking to offset the civil judgment in this case against the restitution ordered in the criminal case. On appeal, DeBraska asserts that this motion was fully anticipated by the parties, based on their "understanding among the parties that the issue of offset would be considered in the civil court." However, Herr contends that she did not agree to permit DeBraska to reopen the civil judgment to consider the offset issue. She explains that is why she objected to DeBraska's motion for offset. A hearing was held on November 8, 2004.

---

[1] One basis for DeBraska's objection was that the restitution award was not set within time limits established by statute. It appears that the parties ultimately concluded that under case law, exceptions to the statutory guidelines could be made, and that DeBraska thereafter agreed to stipulate to a specific amount of restitution. The propriety of setting restitution in the criminal case four years after sentencing is not an issue before this court and will not be addressed.

¶ 7. At the hearing, the parties provided the trial court with a history of the case. Herr objected to considering the motion for offset on its merits, asserting that there had been no motion to reopen the September 2003 order dismissing DeBraska from the case. The trial court rejected this argument and allowed DeBraska to move orally for relief from judgment under WIS. STAT. § 806.07(1)(h) (2003–04).[2] The trial court concluded that it was appropriate to reopen the case in the interest of justice.

¶ 8. Next, the trial court considered the merits of DeBraska's motion to offset the civil judgment against the restitution ordered in DeBraska's related criminal case. Based on the affidavits previously submitted, as well as arguments from counsel, the trial court granted the motion. The final written order also denied De-Braska the right to seek indemnification from Herr for any restitution that he had already paid through wage garnishment. This appeal followed.

## DISCUSSION

¶ 9. The procedural history of this case presents unique challenges. DeBraska was sentenced and ordered to pay restitution in the criminal case, but a specific amount of restitution was not initially set. He began serving time in prison. DeBraska settled the civil case against him for $20,000 and paid the judgment in full. He was then released from prison. DeBraska secured employment and the State began garnishing a portion of his wages to be applied toward the restitution ordered in the criminal case. The parties appeared in the criminal court to determine whether a specific amount of restitution should be set, and whether

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

DeBraska's wages should be garnished. The parties stipulated to an amount of restitution. The parties then went to civil court, asking the civil court to decide whether offset was appropriate.

¶ 10. These facts do not fit neatly into the procedure provided for seeking an offset of a civil judgment. The statutory authority for offset is found in the criminal statutes, which also outline the damages that can be the subject of a restitution order. A review of these statutes and applicable case law provides a helpful background for resolution of this case.

¶ 11. "[R]estitution serves the purposes of punishment and rehabilitation of the defendant, while seeking to make the victim of criminal acts whole in regard to the special damages sustained." *State v. Walters*, 224 Wis. 2d 897, 904, 591 N.W.2d 874 (Ct. App. 1999). While a victim may ask the trial court to order a specific amount of restitution, "[t]he victim has no control over the amount of restitution [ordered] or over the decision to order probation and restitution." *State v. Foley*, 142 Wis. 2d 331, 341, 417 N.W.2d 920 (Ct. App. 1987).

¶ 12. Restitution in a criminal case is governed by WIS. STAT. § 973.20. Pursuant to § 973.20(5), the restitution order

> may require that the defendant do one or more of the following:
>
> (a) Pay all special damages, but not general damages, substantiated by evidence in the record, which could be recovered in a civil action against the defendant for his or her conduct in the commission of a crime considered at sentencing.
>
> (b) Pay an amount equal to the income lost, and reasonable out-of-pocket expenses incurred, by the per-

son against whom a crime considered at sentencing was committed resulting from the filing of charges or cooperating in the investigation and prosecution of the crime.

(c) Reimburse any person or agency for amounts paid as rewards for information leading to the apprehension or successful prosecution of the defendant for a crime for which the defendant was convicted or to the apprehension or prosecution of the defendant for a read-in crime.

(d) If justice so requires, reimburse any insurer, surety or other person who has compensated a victim for a loss otherwise compensable under this section.

¶ 13. WISCONSIN STAT. § 973.20(8) permits a criminal defendant to reduce civil damages awarded to the crime victim by amounts paid pursuant to a restitution order. *Olson v. Kaprelian*, 202 Wis. 2d 377, 383, 550 N.W.2d 712 (Ct. App. 1996). That statute provides:

Restitution ordered under this section does not limit or impair the right of a victim to sue and recover damages from the defendant in a civil action. The facts that restitution was required or paid are not admissible as evidence in a civil action and have no legal effect on the merits of a civil action. Any restitution made by payment or community service shall be set off against any judgment in favor of the victim in a civil action arising out of the facts or events which were the basis for the restitution. The court trying the civil action shall hold a separate hearing to determine the validity and amount of any setoff asserted by the defendant.

WIS. STAT. § 973.20(8). In *Olson*, we discussed how this statute might be applied as parties contemplated settlement in a civil case:

We read this statute to likewise enable a defendant to try to reduce the amount he or she owes because of a

448

> restitution award during settlement negotiations on the companion civil case. For such an agreement to be valid, however, the defendant must establish the "validity and amount" of this "setoff" in a hearing before the trial court conducting the civil action. The statute places the burden on the defendant to establish that the outstanding restitution order has been included in the calculation of any civil settlement.

202 Wis. 2d at 383 (footnote and citation omitted).

¶ 14. What Wis. Stat. § 973.20(8) and *Olson* did not address is the proper procedure to determine offset in a case such as this, where the civil judgment has been entered and paid in full, and recently determined restitution has just begun to be paid. We did, however, address a similar question in *Walters*, involving an order for restitution that was issued after the defendant paid the victim $25,000 pursuant to a civil judgment that released him from "all claims and damages." 224 Wis. 2d at 900. The trial court concluded that the victim had proven $40,835.17 in special damages. *Id.* at 908. However, the trial court refused to offset the victim's special damages against the $25,000 the defendant paid in general damages, observing that this would be "mixing apples and oranges." *Id.*

¶ 15. We affirmed, holding that "the amount of restitution paid to a victim in a criminal proceeding may be a setoff *against a like amount* in the judgment in a companion civil case." *Id.* at 906 (emphasis added). We observed that criminal restitution can include only special damages, such as medical expenses and lost earnings. *Id.* at 905–06. However, a civil judgment can include general damages that compensate a victim for things such as pain and suffering, anguish or humiliation. *See id.* We affirmed the trial court's decision to deny setoff, stating:

449

> [The defendant] had the burden of proving what portion of the $25,000 payment was made for special damages, because in this case the record before the court showed that [the victim] had suffered both general and special damages. However, [the defendant] provided no such proof; therefore, the circuit court had no choice but to conclude that none of the payment should be applied against special damages.

*Id.* at 908–09.

¶ 16. With this background in mind, we conclude that two issues among the myriad arguments raised by the parties are dispositive. First, we conclude that the trial court properly exercised its discretion when it reopened the civil judgment pursuant to WIS. STAT. § 806.07(1)(h). Next, we conclude that a full hearing is required to determine whether "the outstanding restitution order has been included in the calculation" of the civil settlement. *See Olson*, 202 Wis. 2d at 383. Therefore, we affirm in part, reverse in part, and remand for further proceedings.

## I. Reopening of the case

¶ 17. Herr contends that the trial court erroneously exercised its discretion when it reopened the civil judgment pursuant to WIS. STAT. § 806.07(1)(h). That statute provides:

> **(1)** On motion and upon such terms as are just, the court, subject to subs. (2) and (3), may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
>
> . . . .
>
> (h) Any other reasons justifying relief from the operation of the judgment.

450

¶ 18. The trial court found that the case should be reopened in the interest of justice, and that the time within which the motion was brought was not unreasonable. We conclude that the trial court did not erroneously exercise its discretion. Criminal defendants are allowed to seek to offset civil judgments against the restitution ordered in a related criminal case. *See* WIS. STAT. § 973.20(8). Here, the restitution amount was not set until approximately one year after the civil judgment was entered. It was certainly appropriate to reopen the civil judgment to allow consideration of this issue, especially where there is evidence that DeBraska and his counsel believed they would be going to the civil court when they stipulated to the amount of restitution.

## II. Offset of the restitution order

¶ 19. Next, we consider whether the trial court's order offsetting the entire civil judgment was proper. In order to decide whether to offset the judgment, the trial court had to determine what damages were covered by the restitution order (which was based on a stipulation and could, by law, only include special damages) and what damages were covered by the settlement agreement. *See Walters*, 224 Wis. 2d at 906–09. To do this, a hearing was required. *See* WIS. STAT. § 973.20(8) ("The court trying the civil action shall hold a separate hearing to determine the validity and amount of any setoff asserted by the defendant.").

¶ 20. Although there was a motion hearing, there was no testimony taken. The trial court considered only affidavits from counsel, arguments from counsel, and written documents including the stipulations and

agreements. The civil settlement agreement did not mention the criminal restitution order, referring only to "all claims between and among the parties to the release," and did not identify the specific damages included in the $20,000 settlement. Likewise, the stipulation to criminal restitution did not indicate the damage elements that made up the $17,209.88 order.[3] We conclude that the motion hearing did not provide sufficient evidence for the trial court to determine whether the damages covered by the civil judgment were, in whole or in part, the same special damages covered by the criminal restitution order. The record is not sufficiently developed for the trial court to have made the determinations necessary to decide whether to grant the motion to offset, or for us to review the findings and conclusions. Therefore, we remand for a hearing and determination on those issues.[4]

*By the Court.*—Order affirmed in part, reversed in part and cause remanded for further proceedings.

---

[3] Herr asserts in her brief that the amounts that formed the basis for the restitution order were discussed at an August 5, 2004, hearing before the criminal court, but that transcript is not part of the record.

[4] If the trial court cannot determine the nature of the damages covered by the stipulations and orders by examining those documents, it may be necessary to look beyond those documents to determine what specific damages each was intended to cover.