JOINER, Judge,
concurring specially.
Rodney Danzey pleaded guilty to second-degree theft of property, see § 13A-8-4, Ala.Code 1975. The trial court sentenced Danzey as an habitual felony offender to 15 years’ imprisonment. Following a hearing, the trial court ordered Danzey to pay $1,500 in restitution. Dan-zey appeals the restitution order.
Danzey pleaded guilty to taking an antique iron-wheel tractor belonging to George Taylor. At the restitution hearing held after Danzey pleaded guilty, Taylor testified that, based on his review of several publications, similar tractors ranged in value from $3,500 to $10,000, depending on their condition. He testified that because his tractor was missing a front wheel and was not in working condition, he estimated its value to be $1,500.
On cross-examination, Taylor testified that he had filed a civil action against Danzey and the scrap-metal company that purchased the stolen tractor from Danzey; that action alleged, among other things, conversion and civil conspiracy and sought compensatory and punitive damages (C. 45-49). Taylor testified that he settled that action for the sum of $8,500, of which he received approximately $4,500.
At the restitution hearing, Danzey argued that Taylor’s settlement with the scrap-metal company should preclude Taylor from seeking restitution from Danzey. As this Court notes in its unpublished memorandum, the trial court stated that Taylor’s recovery in the civil action “was for [the scrap-metal company] selling [the tractor] after notification that it had been stolen.” (R. 19-20.)
Section 15-18-65, Ala.Code 1975, provides:
“The Legislature hereby finds, declares and determines that it is essential to be fair and impartial in the administration of justice, that all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof. The provisions of this article shall be construed so as to accomplish this purpose and to promote the same which shall be the public policy of this state.”
On appeal, Danzey argues:
“The intent of Alabama Code Section 15-18-65 is to[] fully compensate the victim for his loss. In the case at bar, the victim was paid a settlement of $8,500.00, far more than the value of the property. Thus, the victim has been fully compensated for his loss, as intended by the statute. The additional restitution is nothing more than a punitive measure against [Danzey].”
(Danzey’s brief, p. 8.) Danzey argues further that because he was a named defendant in the civil action, “the victim was fully compensated by [Danzey] for the stolen tractor.”
In rejecting Danzey’s argument, this Court relies on Varner v. State, 497 So.2d 1135 (Ala.Crim.App.1986), in which this Court applied the collateral-source rule to reject a defendant’s claim that the sister of the deceased victim was not entitled to restitution for what she had paid to the *253 funeral home to bury the deceased; specifically, the defendant argued that the sister “may have been compensated for this expense by insurance or otherwise.” 497 So.2d at 1139.
In the instant case, this Court also cites Roberts v. State, 863 So.2d 1149 (Ala.Crim.App.2002), in which this Court stated:
“This Court has also held that a defendant is not entitled to offset the amount of restitution ordered by the amount that may have been paid to the victim by the victim’s insurance carrier. See Varner v. State, 497 So.2d 1135 (Ala.Crim.App.1986) (discussing the application of the collateral source rule to the law of criminal restitution); and Harris v. State, 542 So.2d 1312 (Ala.Crim.App.1989). In a similar vein, this Court has held that a defendant is not entitled to offset the amount of restitution ordered by the amount the victim may have received from the defendant’s accomplice in settlement of a civil action. Butler [v. State ], 608 So.2d 773 [ (1992) ]. In light of the collateral source rule, these cases stand for the proposition that a wrongdoer cannot benefit by offsetting the amount of his restitution obligation by the amount of a payment made to the victim, if the payment is not made by or on behalf of the wrongdoer.”
863 So.2d at 1154 n. 2.
I fully concur with this Court’s decision to affirm the trial court’s restitution order in this case based on Varner and Roberts. I write separately to note that Roberts appears to leave open the question whether, under certain circumstances not present here, a defendant ordered to pay restitution might successfully argue that a victim has been fully compensated in a civil action and is therefore not entitled to additional compensation in the form of restitution.
In Roberts, the defendant argued that the parents of the deceased victim “were not entitled to any restitution because they accepted a $100,000 payment from his insurance carrier in settlement of a potential wrongful-death action, see § 6-5-410, Ala. Code 1975, before the restitution hearing and they had agreed to release all of their claims against him.” 863 So.2d at 1151. This Court rejected that argument, stating:
“[W]e agree with the circuit court’s conclusion that a previous settlement in a civil case does not necessarily release a defendant from his or her obligation to pay restitution. We also conclude that under the particular circumstances of this case, a setoff of the civil settlement against the pecuniary damages established by the parents at the restitution hearing was not appropriate.”
863 So.2d at 1151 (emphasis added).
In rejecting the defendant’s argument for a setoff in Roberts, this Court examined cases from other jurisdictions, including State v. Walters, 224 Wis.2d 897, 591 N.W.2d 874 (Ct.App.1999). We cited Walters as an example of a decision in which a court had addressed “the amount of restitution that is statutorily authorized when the victim has’ already received some compensation in a civil proceeding.” 863 So.2d at 1156. The court in Walters rejected a defendant’s argument for a setoff; in particular, the court noted the defendant’s failure to prove which portion of the $25,000 civil settlement at issue should be considered as general damages and which portion should be considered as special damages. Under the particular statutory scheme for restitution in Walters, only special damages were recoverable. Thus, because the defendant had not established which part of the $25,000 civil settlement was awarded for special damages, the court in Walters held that the defendant *254 was not entitled to a setoff. 224 Wis.2d at 905-09, 591 N.W.2d at 877-79.
In Roberts this Court noted that the defendant could not be entitled to a setoff because the civil settlement amount at issue was for a wrongful-death claim under § 6-5-410, Ala.Code 1975 — a claim for which the plaintiffs could recover only punitive damages.[1] 863 So.2d at 1158-60. Because only compensatory damages are recoverable under Alabama’s restitution provisions, the $100,000 at issue could not be used to set off the amount of compensatory damages recoverable as restitution. Id.
In the instant case, the amount that Danzey argues should act as a setoff was tendered in settlement of claims for which Taylor sought both compensatory and punitive damages. Thus, even if a setoff were permissible under Alabama’s restitution provisions, Danzey would not be entitled to it because he did not establish which portion of the settlement was for compensatory damages.[2]
For the reasons stated by the Court in its unpublished memorandum, as well as for the reasons stated here, I concur with the decision to affirm the restitution order.

. In Roberts this Court stated:
"[T]he Alabama Supreme Court has consistently held that the only damages that may be awarded by a jury under Alabama's wrongful-death act are punitive damages. See generally the cases collected at 20 Ala. Digest 2d Death § 93 (1994). Unlike the remedial and rehabilitative purposes underlying restitution in criminal cases, civil damages for wrongful death serve only the purposes of punishing the wrongdoer and deterring others from engaging in similar conduct. In Alabama, damages awarded in a civil wrongful-death action do not compensate.”
863 So.2d at 1158.

. Among other cases, this Court in Roberts also cited People v. Bernal, 101 Cal.App.4th 155, 123 Cal.Rptr.2d 622 (2002). In Bernal, the court noted that "the written release did not abrogate respondent’s restitution obligation because ... a release by a victim cannot waive the People's right to have a defendant pay restitution ordered as part of his sentence.” 101 Cal.App.4th at 160, 123 Cal.Rptr.2d 622. Similarly, in Roberts this Court noted that "because the State was not a party to the release between Roberts and the parents, the release did not prevent the circuit court from ordering restitution to the parents. Private parties cannot settle a civil claim and thereby agree to waive the subsequent application of a criminal statute.” 863 So.2d at 1155. Thus, even if Danzey had established that the civil settlement was for an amount of compensatory damages that fully compensated Taylor, I am not necessarily persuaded that a setoff would have been appropriate in light of the State's interest in seeking restitution.