PER CURIAM.
¶1 Ryan Muth was convicted of a vehicular homicide. He appeals an order awarding restitution to relatives of the crash victim, making two alternative arguments: (1) the circuit court erred by declining to set off, against the amount of restitution, a civil settlement payout that had already been made to the relatives based on the same fatal crash, and (2) the court erred by awarding restitution for lost wages of relatives who are not defined as victims in WIS. STAT. § 973.20(5) (2017-18).[1] We conclude that the sentencing court properly exercised its discretion in determining that Muth did not meet his burden of proving, as a setoff against restitution, any particular portion of the $100,000 paid out to the relatives under the civil settlement agreement. However, we separately conclude that the court improperly awarded restitution for lost wages of sons-in-law of the crash victim. Consequently, we affirm in part, reverse in part, and remand with directions that the circuit court amend the judgment to exclude amounts awarded for lost wages of the sons-in-law.
BACKGROUND
¶2 Muth operated a vehicle that struck and killed Tammy Kempf. Muth pleaded no contest in this criminal case to a single count of homicide by intoxicated use of a vehicle, as a second offense.
¶3 Muth had an insurance policy in place at the time of the fatal crash. Before Muth was sentenced, Kempf's adult children, H.M, K.M., and R.K., executed a "Full Release of all Claims With Indemnity" (the settlement agreement) with Muth and his insurer. Kempf's children received $100,000 as part of the settlement agreement, under which Muth and his insurer were released from "any and all claims, actions, causes of actions, demands, rights, damages, costs, loss of wages, expenses ... on account of or in any way growing out of" the fatal crash.
¶4 At the restitution hearing, Kempf's brother and children testified and provided documents showing that each had incurred, among other expenses, costs related to the funeral, correspondence, mileage, hotel stays, and lost wages due to court hearings in this criminal case. Two of Kempf's daughters also sought restitution for their husbands' lost wages. Both the circuit court and defense counsel questioned these witnesses as to the basis for particular expenses they claimed as restitution.
¶5 At the close of the restitution hearing, the circuit court found that Kempf's children had proven all their claimed damages as valid restitution, including lost wages for the two spouses of Kempf's daughters. Accordingly, the court awarded restitution of $12,480.41 to H.M., $13,689 to K.M., and $8,700.01 to R.K.[2] Out of this, H.M. was awarded $2,600 for the lost wages of her spouse, and K.M. was awarded $6,480 for the lost wages of her spouse.
¶6 Muth objected to the restitution awarded to Kempf's children based on a "setoff" defense. Muth argued that the restitution award should be reduced by, or set off using, the $100,000 settlement already paid to the victims as compensation for what Muth contended were the same monetary losses. See State v. Walters , 224 Wis. 2d 897, 903, 906, 591 N.W.2d 874 (Ct. App. 1999) (criminal defendants may assert civil defenses for losses claimed as restitution, including based on a civil settlement reached before restitution is ordered). Muth did not make any argument at the hearing specifically addressing the lost wages of Kempf's sons-in-law. Rejecting Muth's setoff-based objection, the circuit court finalized the restitution order, which included the lost wages of Kempf's sons-in-law as restitution.
¶7 Following the restitution hearing, Muth moved to amend the restitution order, renewing his setoff argument and adding the argument that Kempf's sons-in-law were not entitled to restitution for their lost wages under WIS. STAT. § 973.20.
¶8 The circuit court denied Muth's motion. The court determined that, under Walters , Muth was required to show which part of the $100,000 settlement agreement payout, if any, was compensation for the same monetary losses that the relatives claimed as restitution. The court concluded that Muth had not met his burden to provide sufficient facts showing that the restitution award should be reduced by any specific amount based on the settlement agreement.
¶9 Separately, the court declined Muth's request to exclude the lost wages of Kempf's sons-in-law from the restitution award, on the ground that the marital statuses of the daughters and their husbands made the lost wages compensable as restitution based on the daughters' marital property interests. With the court's denial of Muth's motion, the final restitution order awarding a total of $43,270.42 remained in place. Muth appeals.
DISCUSSION
¶10 To repeat, Muth's first argument is that the circuit court erroneously exercised its discretion by awarding the victims restitution in this criminal case representing monetary losses for which they had already been compensated through the civil settlement agreement payout. We reject his argument because we conclude that the sentencing court properly exercised its discretion in determining that Muth did not meet his burden of proving that any particular portion of the $100,000 paid out under the civil settlement should be set off against restitution.
¶11 However, we agree with Muth's second argument, which to repeat is that the circuit court incorrectly included the lost wages of two of Kempf's sons-in-law in the restitution award. Applying controlling case law that rejects the marital property law rationale relied on by the circuit court, and in the absence of any other theory advanced by the State, we conclude that restitution should not have been awarded based on the lost wages of the sons-in-law.
¶12 We review the circuit court's determination of the terms and amount of a restitution order under the erroneous exercise of discretion standard, under which we affirm if the court "logically interpreted facts, applied the proper legal standard, used a demonstrated, rational reasoning process, and reached a conclusion that a reasonable judge could reach." State v. Longmire , 2004 WI App 90, ¶16, 272 Wis. 2d 759, 681 N.W.2d 534. Under this standard, it is error to exercise discretion in a manner materially affected by an erroneous view of the law. See State v. Davis , 2001 WI 136, ¶28, 248 Wis. 2d 986, 637 N.W.2d 62.
Setoff Defense
¶13 Muth argues that the circuit court erroneously exercised its discretion by requiring him to prove that specific portions of the payout under the settlement agreement were directed towards corresponding specific losses compensated by the restitution order. He argues that it was enough that the settlement agreement described the payouts as covering "any and all claims, actions, causes of actions, demands, rights, damages, costs, loss of wages, expenses ... on account of, or in any way growing out of" the fatal crash. We conclude that the circuit court did not erroneously exercise its discretion in determining that Muth failed to provide an adequate factual basis to support a setoff against restitution of any amount.
¶14 The circuit court has a statutory duty to order restitution at every sentencing in which restitution is feasible, "unless the court finds substantial reason not to do so." WIS. STAT. § 973.20(1r) ; see also State v. Borst , 181 Wis. 2d 118, 121-23, 510 N.W.2d 739 (Ct. App. 1993).
¶15 Notably here, for reasons that will shortly become evident, restitution is to be ordered for "all special damages, but not general damages, substantiated by evidence in the record." WIS. STAT. § 973.20(5)(a). Special damages are "readily ascertainable pecuniary expenditure[s] paid out because of the crime." Longmire , 272 Wis. 2d 759, ¶14. In contrast, general damages are compensation for losses that are not readily reduced to ascertainable amounts, such as those for pain and suffering, anguish, or humiliation. Walters , 224 Wis. 2d at 905.
¶16 Defendants may assert civil defenses to challenge the amount the circuit court is considering ordering as restitution, WIS. STAT. § 973.20(14)(b), including a setoff defense. Walters , 224 Wis. 2d at 903, 906 (citing State v. Sweat , 208 Wis. 2d 409, 561 N.W.2d 695 (1997) ). A defendant asserting a setoff defense to proposed restitution bears the burden of proof. Id. at 907-08.
¶17 With that background, we now explain why we affirm the circuit court on this issue based on the reasoning in Walters . As here, the defendant in Walters requested a setoff against a proposed restitution award based on a civil settlement reached before the restitution hearing was held. See id. at 901. We concluded that the circuit court properly declined to reduce the restitution award based on the setoff defense. Id. at 906. The circuit court's reasoning, which we approved, was based on the difference between special damages, which to repeat can be awarded as restitution, and general damages, which can be awarded in civil cases but not as restitution in criminal cases. Id. at 908. Given this difference, and because the victim had suffered both special and general damages, the defendant in Walters faced the burden of proving "what part, if any, of the [settlement] payment was ... paid for special damages." Id. at 908-09.
¶18 It is the same here. Muth was obligated to provide " 'specific facts' " to avoid mixing the "apples" of special damages with the "oranges" of general damages. See id. at 907-08 (quoted source omitted). This he failed to do. Muth does not challenge the circuit court's findings that the daughters had civil claims for both general and special damages or that Muth failed to present evidence on which the court could have reasonably differentiated between general and specific damages in the payout under the settlement agreement. Thus, Muth effectively acknowledges that the court had no basis on which to determine how much of the restitution award should be set off by the settlement agreement payouts. See id. at 907 (" '[B]efore the trial court can accurately assess a defense ... the defendant must present a tangible record with which the trial court can exercise its discretion,' " that is, the defendant must point to " 'specific facts from which the trial court could have grounded the downward adjustment' " requested) (quoting State v. Behnke , 203 Wis. 2d 43, 58-59, 533 N.W.2d 265 (Ct. App. 1996) ).
¶19 Muth apparently asks us to distinguish Walters based on the difference in wording between the agreement at issue in that case and the settlement agreement here. The release in Walters addressed "all claims and damages" arising out of the conduct at issue in the criminal and civil cases. Walters , 224 Wis. 2d at 900. In contrast, Muth argues, the settlement agreement here was sufficiently specific that it provided him with a basis to show a double recovery, because it referenced "any and all claims," which must necessarily encompass special damages such as "loss of wages" and "expenses."
¶20 The problem with this argument is that it fails to account for the possibility that the settlement agreement, through its use of such broad terms as "claims" and "damages," also encompassed payouts for general damages. It is true that the settlement agreement refers to categories of payout that would ordinarily constitute special damages ("loss of wages," "expenses"), but Muth did not detail what proportion of the payout compensated the daughters for these special damages categories as opposed to any general damages categories.
¶21 Muth effectively argues that our supreme court in Huml v. Vlazny , 2006 WI 87, 293 Wis. 2d 169, 716 N.W.2d 807, established that a defendant meets the restitution setoff burden described in Walters whenever a prior payout was based on a settlement agreement that unambiguously expresses an intent to compensate all of the victim's monetary losses. Based on this premise, Muth contends that the terms of the settlement agreement here expressed such intent. However, Muth's premise is inaccurate. Huml does not contain the broad proposition that Muth posits, and it is readily distinguishable. In Huml , the court's acceptance of the defendant's restitution-related argument explicitly turns on the fact that the restitution order there had been converted into a civil judgment as a result of the defendant completing probation. See Huml , 293 Wis. 2d 169, ¶¶50, 53-55. Muth was not given a term of probation, has not completed his sentence, and his restitution order has not been converted into a civil judgment. Indeed, the court in Huml explicitly acknowledges the continuing vitality of the rule and the underlying principles of Walters for defendants, such as Muth, who have not completed probation. See Huml , 293 Wis. 2d 169, ¶¶39, 42, 50.
¶22 In sum, we conclude that the sentencing court properly exercised its discretion in determining that Muth did not meet his burden of proving, as a setoff against restitution, any particular portion of the $100,000 payout.
Restitution For Marital Property Interests
¶23 Separate from the setoff issue, Muth argues that the circuit court improperly counted as restitution the lost wages of two sons-in-law of the victim because the sons-in-law do not qualify as "victims" under WIS. STAT. § 973.20(5)(b). We agree and accordingly reverse that portion of the restitution award because the court improperly awarded these special damages based on a marital property theory rejected in binding case law.
¶24 WISCONSIN STAT. § 973.20(1r) requires the sentencing court to order restitution to any "victim" of any "crime considered at sentencing." A "victim" for restitution purposes is an individual who falls within the meaning of "victim" defined in WIS. STAT. § 950.02(4)(a). State v. Gribble , 2001 WI App 227, ¶71, 248 Wis. 2d 409, 636 N.W.2d 488. Those individuals are (1) a person against whom a crime has been committed (here, Kempf), and (2) a "family member" of a person against whom a crime has been committed. See § 950.02(4)(a)1., 3. A "family member" is a "spouse, minor child or adult child, sibling, parent, or legal guardian." Sec. 950.02(3).
¶25 As Muth points out, and the State does not dispute, this definition obviously includes Kempf's daughters and does not include the sons-in-law. See Gribble , 248 Wis. 2d 409, ¶76 (aunt not a "family member" for purpose of restitution). On this basis, Muth argues that the lost wages claimed by the sons-in-law, totaling $9,080, cannot be included in the restitution order.
¶26 The State argues that, even though the sons-in-law are not themselves victims, a portion of their lost wages are compensable as the marital property of the daughters.[3] Our decision in State v. Johnson , 2002 WI App 166, ¶23, 256 Wis. 2d 871, 694 N.W.2d 284, forecloses this argument. In Johnson , the circuit court had awarded the victim's stepfather restitution for his lost wages because they were "tantamount to a [statutorily defined] victim's lost wages or property due to the operation of Wisconsin's marital property laws" as applied to the victim's mother. Id. , ¶23. We rejected this approach, stating that "because there is no language in the restitution statute ... suggesting that restitution be permitted through such an indirect route, we conclude that [the statute] intended to limit recovery of lost wages ... to the persons identified in WIS. STAT. § 973.20(5)(b)," which did not include the stepfather. Id. , ¶¶19, 23. On this basis, we concluded that the circuit court erroneously exercised its discretion by including the stepfather's lost wages in the restitution award. Id. , ¶26. We agree with Muth that Johnson controls here.
¶27 The State does not dispute that, if Johnson controls here, the State has no argument on this issue. However, the State contends that Johnson does not control because the court's statement is explicitly framed as addressing a topic on which the State provided only an undeveloped argument. Id. , ¶23. However, we "[a]dditionally" addressed, albeit briefly, the merits of that argument, "conclud[ing]" that restitution damages cannot be premised on marital property interests. Id. This is a statement that we must apply. See Zarder v. Humana Ins. Co. , 2010 WI 35, ¶¶53-54, 58, 324 Wis. 2d 325, 782 N.W.2d 682 (court of appeals may not overrule, modify, or withdraw language from a prior court of appeals opinion, including by dismissing a statement from prior precedent dictum).[4]
¶28 On this basis, we conclude that the circuit court erroneously relied on the marital property interests of the daughters in their spouses' lost wages to determine that lost wages of the sons-in-law should be awarded as restitution. Accordingly, we reverse those components of the order and direct the circuit court to amend the judgment consistent with that conclusion.
CONCLUSION
¶29 For the foregoing reasons, we affirm in part and reverse in part, and remand to the circuit court to enter an amended judgment of conviction reflecting a corrected amount of restitution consistent with this opinion.
By the Court. -Order affirmed in part; reversed in part; and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The total restitution award was $43,270.42, which included restitution claims submitted by Kempf's brother. The brother was not a party to any civil settlement with Muth. Neither party makes any argument based on the brother's restitution.

As the State notes, the circuit court included the full measure of the spouses' lost wages in the restitution order, even though, as the victims, H.M. and K.M.'s marital property interest would only be one-half of that income. See Wis. Stat. § 766.31(3) -(4). But, given our conclusion that no restitution could be ordered based on the lost wages of the sons-in-law, this does not matter.

The State argues that, if Johnson does not apply, restitution is available for the marital property interests of all victims, based on public policy and the legislative intent behind Wisconsin's community property laws. Muth's exclusive argument, which we accept, is that all of the State's arguments are foreclosed by State v. Johnson , 2002 WI App 166, 256 Wis. 2d 871, 694 N.W.2d 284. We express no opinion as to whether, in the absence of Johnson , the State's policy and legislative intent arguments, or any other argument, would have merit. The State does not advance any other theory under which the lost wages of the sons-in-law would be compensable to their spouses through restitution.