STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph A. KAYON, Defendant-Appellant.

Court of Appeals

*No. 01–2365–CR. Submitted on briefs April 12, 2002.—Decided May 29, 2002.*

## 2002 WI App 178

(Also reported in 649 N.W.2d 334.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Ronald J. Sonderhouse* of *Kay & Kay Law Firm*, Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lara M. Herman*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. ANDERSON, J. Joseph A. Kayon appeals from an order denying his postconviction motion to modify restitution and the subsequent amended judgment of conviction. Kayon argues that the trial court erroneously exercised its discretion when ordering him to pay, as restitution, both rental and replacement fees for a television. Additionally, he argues that the record does not provide sufficient facts to determine if the rental fees were reasonable under all the circumstances. We conclude that a trial court may order, in addition to the replacement cost, the reasonable rental fees incurred by a victim as part of restitution. However, there was an insufficient record developed as to the reasonableness of the rental fees; therefore, we reverse and remand the case for the limited purpose of determining the reasonable rental fees.

579

¶ 2. On October 16, 2000, Kayon was convicted of one count of party to a crime of burglary, pursuant to Wis. Stat. §§ 943.10(1)(a) and 939.05(2)(b) (1999–2000).[1] During sentencing, the State requested $700 to replace a television set that was stolen, as well as an additional $1800 for television rental fees incurred by the victim while this case was pending. The trial court sentenced Kayon to fifteen months in prison with six years of extended supervision in addition to $700 for television replacement value and $1800 for television rental fees.

¶ 3. On May 8, 2001, Kayon filed a postconviction motion for sentence modification alleging that paying the replacement value and the rental fees would put the victim in a greater position than she was before the commission of the crime. During the postconviction hearing, the court continued the matter so that the State could determine whether written receipts could be provided by the victim to substantiate the losses.

¶ 4. On August 1, 2001, the continuation of Kayon's postconviction motion was heard. The receipt the prosecutor presented was from Rent-A-Center, showing that the victim's television rental costs were $1903.77. However, the receipt did not disclose what type of television was rented, an issue raised at the earlier postconviction hearing. The court concluded that the victim was allowed to be reimbursed for the replacement value as well as the rental value, which would remain at the amount of $1800. An order denying Kayon's postconviction motion was subsequently entered on August 13, 2001. Kayon appeals.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

**DISCUSSION**

¶ 5. Whether a circuit court has authority to order restitution in the first instance, given a particular set of facts, is a question of law which we review de novo. *State v. Walters*, 224 Wis. 2d 897, 901, 591 N.W.2d 874 (Ct. App. 1999). When there is no dispute whether the sentencing court had authority to order restitution in the first instance, we review the restitution order's terms for an erroneous exercise of discretion. *State v. Leighton*, 2000 WI App 156, ¶ 54, 237 Wis. 2d 709, 616 N.W.2d 126, *review denied*, 2000 WI 102, 237 Wis. 2d 261, 618 N.W.2d 751 (Wis. Jul. 27, 2000) (No. 99–2614–CR).

¶ 6. A court may order any person convicted of a crime to pay restitution under Wis. Stat. § 973.20.[2] Kayon does not dispute that the sentencing court had the authority to order restitution. However, Kayon does dispute the amount of restitution ordered; therefore, we review the restitution order's terms for an erroneous exercise of discretion. *Leighton*, 2000 WI App 156 at ¶ 54. Under § 973.20(2), if a crime resulted in damage or loss of property, the court may order a defendant to pay restitution for the item's reasonable repair or

---

[2] Wisconsin Stat. § 973.20 provides in part:

(1r) When imposing sentence or ordering probation for any crime for which the defendant was convicted, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing or, if the victim is deceased, to his or her estate, unless the court finds substantial reason not to do so and states the reason on the record.

replacement cost.[3] Kayon argues that the part of the court's order that called for restitution payment of $1800 in rental fees was clearly erroneous because the victim should have been limited to recovering only the replacement cost of the television. In the alternative, Kayon argues that if the order to pay the victim's rental fees was not error, then the amount of restitution representing rental fees was error. He argues that the amount of restitution representing rental fees should not have exceeded the amount of the replacement cost of the television, i.e., $700.

¶ 7. WISCONSIN STAT. § 973.20(5) provides that as part of a restitution order, a court may require that the defendant pay all special damages substantiated by evidence in the record which could be recovered in a civil action against the defendant. Special damages can be described as representing the victim's actual pecuniary losses. *State v. Stowers*, 177 Wis. 2d 798, 804, 503 N.W.2d 8 (Ct. App. 1993).

¶ 8. Thus, the question becomes whether the victim's television rental costs qualify as special damages which could be recovered in a civil action against the defendant. It is undisputed that the victim had a "loss of use" of her television due to it being stolen by Kayon. Further, a "loss of use" is a damage which may be recovered in a civil action. In *Nashban Barrel &*

---

[3] WISCONSIN STAT. § 973.20(2) provides in part:

If a crime considered at sentencing resulted in damage to or loss or destruction of property, the restitution order may require that the defendant:

(a) Return the property to the owner or owner's designee; or

(b) If return of the property under par. (a) is impossible, impractical or inadequate, pay the owner or owner's designee the reasonable repair or replacement cost . . . .

*Container Co. v. G.G. Parsons Trucking Co.*, 49 Wis. 2d 591, 601, 182 N.W.2d 448 (1971), the court allowed recovery for "loss of use" in addition to total damages, even when the property is irreparable. The court went on to say that the standard to be applied to such recovery is that of *reasonableness under all the circumstances of the particular case. Id.* The court explained that damages for "loss of use" should reflect (1) a time period reasonably required for replacement, including a reasonable time to determine whether the property is in fact repairable; and (2) an amount equal to that which was actually expended. *Id.* at 601–02. In *Kim v. American Family Mutual Insurance Co.*, 176 Wis. 2d 890, 900, 501 N.W.2d 24 (1993), the court expanded the conclusion in *Nashban* to allow a claimant to recover "loss of use" damages even if a claimant does not procure replacement property.

¶ 9. Accordingly, we conclude in the case at bar that the victim's rental of a television is a "loss of use" damage that could be claimed in a civil action and therefore qualifies as a special damage. But our inquiry does not end here because, as *Nashban* teaches, a court must further determine whether the rental period was for a time reasonably required for replacement; this includes taking into account what a reasonable time would be to determine whether the stolen property is repairable. *Nashban*, 49 Wis. 2d at 601. On appeal, we cannot make this determination because the record provides insufficient facts to decide whether the "loss of use" amount awarded by the trial court was in fact reasonable.

¶ 10. While both parties acknowledge that the record is insufficient, each asks for a different remedy.

583

Kayon argues that the part of the court's order that called for restitution payment of $1800 in rental fees was erroneous because the victim should have been limited to recovering only the replacement cost of the television. In the alternative, Kayon argues that if we hold rental fees to be a proper item of restitution then, due to the insufficient record, the rental fees should be limited to $700, the current value of the television. Kayon makes two points: (1) there was no evidence as to the make, model or size of the replacement television rented by the victim, only that it was a rather large television; and (2) the stolen television was recovered and although the front of the television was scratched, there were no estimates submitted on repairing the television.

¶ 11. The State argues that the victim's rental fees for the temporary replacement of her stolen and damaged television are a proper item of restitution in addition to the replacement cost. However, the State concedes that there are insufficient facts in the record to assess the reasonableness of the rental fees and requests that we remand this matter to determine the reasonableness of the victim's $1800 rental fees under all the circumstances.

¶ 12. Under the particular facts of this case, we agree with the State that remand for an evidentiary hearing is the proper remedy. On remand, it will be necessary to obtain the following information: (1) what size television was rented by the victim from Rent-A-Center; (2) what the monthly rental rate was from Rent-A-Center for the size television rented, and if the victim rented a television larger than the thirty-five inch television that was stolen, what was the rental rate for a thirty-five inch television; (3) when did the victim begin renting the television; (4) when did the victim

stop renting the television; (5) when was the victim's stolen television returned; (6) whether the recovered television was repairable upon return; (7) how long it would have taken to determine if the television was repairable; (8) how long actual repair would have taken; and (9) the victim's financial circumstances at the time of rental in order to determine whether the victim was financially able to replace the television for $700, or whether the victim's financial options were limited to renting.

¶ 13. Finally, in order to assist the trial court, we note that according to Wis. Stat. § 973.20(13)(b), the district attorney had the primary responsibility for obtaining information relating to the amount of loss suffered by the victim during the initial sentencing hearing.[4] This responsibility is placed on the district attorney because he or she is in the best position to

---

[4] Wisconsin Stat. § 973.20(13) provides in part:

 (a) The court, in determining whether to order restitution and the amount thereof, shall consider all of the following:

 1. The amount of loss suffered by any victim as a result of a crime considered at sentencing.

 . . . .

 (b) The district attorney shall attempt to obtain from the victim prior to sentencing information pertaining to the factor specified in par. (a)1. Law enforcement agencies, the department of corrections and any agency providing services under ch. 950 shall extend full cooperation and assistance to the district attorney in discharging this responsibility. The department of justice shall provide technical assistance to district attorneys in this regard and develop model forms and procedures for collecting and documenting this information.

585

elicit this information.[5] However, for hearings held after sentencing, such as will be the case here, the burden of demonstrating loss by the preponderance of the evidence shifts to the victim, *unless the court orders the district attorney to represent the victim.*[6]

---

[5] Legislative Audit Bureau Report No. 85–10, April 15, 1985, at 14–18 provides in part:

> We identified several approaches which would help to eliminate duplication of effort and facilitate early determination and payment of restitution. The first of these is reliance, whenever possible, on district attorneys' offices for determination of victim loss. Before the case is heard in court, the district attorney is in contact with the victim to collect facts regarding the crime. The district attorney is, therefore, in the best position to ascertain the amount of loss involved in the crime. Collecting this information and presenting it to the court is consistent with the district attorney's responsibility to represent the victim, including seeking an order for restitution on behalf of the victim if probation is ordered. As we indicated when we reviewed the Division's Cashier's Unit operations in 1981 (#81–20), "we believe it is duplicative and wasteful for agents to perform work that could be more capably and efficiently done by district attorneys in the normal course of their work." Only in those instances when information about victim loss is not available to district attorney's offices early in the process, should it become necessary to shift responsibility for determination of loss to probation agents.

[6] Wisconsin Stat. § 973.20(14) states:

> At any hearing under sub. (13), all of the following apply:
>
> (a) The burden of demonstrating by the preponderance of the evidence the amount of loss sustained by a victim as a result of a crime considered at sentencing is on the victim. The district attorney is not required to represent any victim unless the hearing is held at or prior to the sentencing proceeding or the court so orders.
>
> (b) The burden of demonstrating, by the preponderance of the evidence, the financial resources of the defendant, the present and future earning ability of the defendant and the needs and earning ability of the defendant's dependents is on the defendant. The

¶ 14. Here, we believe it appropriate for the trial court to order the district attorney to represent the victim and thereby reinstate the responsibility to the district attorney of obtaining the information from the victim to substantiate the rental fees.

## CONCLUSION

¶ 15. The trial court had the authority to order as restitution both the replacement cost and special damages for "loss of use" rental fees. However, remand is necessary in order to provide a substantiated record and determine actual loss. We remand for the limited purpose of determining the reasonable rental fees amount to be included in the special damages portion of the restitution order.

defendant may assert any defense that he or she could raise in a civil action for the loss sought to be compensated. The office of the state public defender is not required to represent any indigent defendant unless the hearing is held at or prior to the sentencing proceeding, the defendant is incarcerated when the hearing is held or the court so orders.

(c) The burden of demonstrating, by the preponderance of the evidence, such other matters as the court deems appropriate is on the party designated by the court, as justice requires.

(d) All parties interested in the matter shall have an opportunity to be heard, personally or through counsel, to present evidence and to cross-examine witnesses called by other parties. The court, arbitrator or referee shall conduct the proceeding so as to do substantial justice between the parties according to the rules of substantive law and may waive the rules of practice, procedure, pleading or evidence, except provisions relating to privileged communications and personal transactions or communication with a decedent or mentally ill person or to admissibility under s. 901.05. Discovery is not available except for good cause shown. If the defendant is incarcerated, he or she may participate by telephone under s. 807.13 unless the court issues a writ or subpoena compelling the defendant to appear in person.

*By the Court.*—Judgment and order reversed and cause remanded with directions.