STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthony Houston LEE, Defendant-Appellant.

Court of Appeals

*No. 2008AP390–CR. Oral argument October 7, 2008. —Decided November 4, 2008.*

2008 WI App 185

(Also reported in 762 N.W.2d 431.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Carl W. Chesshir* of *Eagle*. There was oral argument by *Carl W. Chesshir*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *James M. Freimuth*, assistant attorney general. There was oral argument by *James M. Freimuth*.

Before Curley, P.J., Kessler, J., and Daniel L. LaRocque, Reserve Judge.

¶ 1. KESSLER, J. Anthony Houston Lee appeals from a judgment of conviction for armed robbery with threat of force, party to a crime, contrary to WIS. STAT.

§§ 943.32(2) and 939.05 (2005–06).[1] He presents a single issue on appeal: whether the trial court erroneously exercised its discretion when it ordered Lee to pay $772.74 in restitution to United Heartland Insurance Company, a worker's compensation insurer, for payments it made after an officer was injured while attempting to apprehend Lee and his co-defendant. We conclude that the officer was not a victim of the crimes considered at sentencing, *see* WIS. STAT. § 973.20(1r), and therefore, the worker's compensation insurance company that paid the officer's expenses is not entitled to restitution. We reverse that portion of the judgment requiring Lee to pay restitution to United Heartland Insurance Company. In all other respects, the judgment is affirmed.

## BACKGROUND

¶ 2. The following facts are taken from the criminal complaint and the preliminary hearing, at which City of Greenfield Police Officer Eric Lindstrom testified. In the early morning hours of May 26, 2006, Lindstrom and fellow officer Scott Zienkiewicz responded to a report of two suspicious persons walking along an electric company right of way. As they approached the right of way on foot, the officers saw a man (later identified as Lee) who turned and ran from the officers. The officers chased Lee for approximately a block, at which point Lee jumped over a fence. Zienkiewicz continued to chase Lee, while Lindstrom located a second man next to the fence, later identified as Darius Hanford. While Zienkiewicz was chasing Lee, Lindstrom learned from a third officer that there had

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

apparently been an armed robbery at a nearby home and two men had fled from the residence. At some point during the apprehension of Lee and Hanford, Lindstrom was injured.[2]

¶ 3. The criminal complaint alleges that as Lee ran from Zienkiewicz, Lee jumped over a wooden fence that was about six feet tall. Zienkiewicz then heard what sounded like a man jumping over a second wooden fence and a chain-link fence. Zienkiewicz eventually found Lee lying on the ground behind a residence and arrested him.

¶ 4. Hanford confessed involvement in the armed robbery and implicated Lee. Lee was charged with armed robbery with threat of force, party to a crime. After the preliminary hearing, a second charge, armed burglary, party to a crime, was added. Lee accepted a plea bargain, pursuant to which he pled guilty to the armed robbery and the armed burglary charge was dismissed and read in. At the plea hearing, the State indicated that it would seek restitution, but said it was not sure if there were any losses. It referenced a worker's compensation claim involving Lindstrom and said it would show the information to defense counsel. The trial court accepted Lee's plea, found him guilty and set the matter for sentencing.

¶ 5. At sentencing, the court indicated that it had received a letter from United Heartland Insurance Company concerning restitution.[3] The State said the restitution claim was related to injuries Lindstrom

---

[2] As we explain later, detailed information concerning the extent and circumstances of Lindstrom's injury is not in the record.

[3] Unfortunately, that letter is not included in the record, so we do not know if it provided specific information about the injury sustained or the payments made.

sustained either jumping over one of the fences or arresting Lee or Hanford. The State asked the trial court to order Lee to pay $772.74 in restitution, joint and several with Hanford.[4]

¶ 6. Lee's trial counsel objected to the restitution request, asserting that the officer was not a direct victim of the crime, and even if he was, the losses sustained were collateral law enforcement expenses that could not be ordered as restitution. The trial court rejected this argument and ordered restitution of $772.74, joint and several with Hanford. This appeal follows.

## LEGAL STANDARDS

■

¶ 7. This court reviews restitution orders under the erroneous exercise of discretion standard of review. *State v. Haase*, 2006 WI App 86, ¶ 5, 293 Wis. 2d 322, 716 N.W.2d 526. A trial court "erroneously exercises its discretion when its decision is based on an error of law." *Id.* Whether the trial court is authorized to order restitution pursuant to WIS. STAT. § 973.20 under a certain set of facts presents a question of law that we review *de novo. Haase*, 293 Wis. 2d 322, ¶ 5. Our interpretation of § 973.20 is guided by the general rules of statutory construction summarized in *State v. Johnson*, 2007 WI 107, 304 Wis. 2d 318, 735 N.W.2d 505:

> Statutory interpretation presents a question of law that we review de novo.

---

[4] At the time Lee was sentenced, Hanford had already been sentenced. He was ordered to pay $772.74 in restitution, joint and several with Lee.

Statutory interpretation begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry. We interpret statutory language in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results. Where this process yields a plain meaning, the statute is not ambiguous and is applied according to this ascertainment of its meaning. If the language is ambiguous, however, we look beyond the language and examine the scope, history, context, and purpose of the statute.

*See id.*, ¶¶ 27–28 (citations, quotation marks and bracketing omitted).

## DISCUSSION

¶ 8. At issue in this case is a restitution order requiring Lee to reimburse a worker's compensation insurer for payments it made for an injured officer. At the outset, we note that the record does not provide specific information concerning how the officer was injured, or the nature of the payments made by the worker's compensation insurer. At oral argument, Lee's counsel asserted that Lindstrom's injuries were caused when he scaled a fence in pursuit of Lee, and that the insurer paid medical bills associated with those injuries. The State agreed. Because our result would be the same whether Lindstrom was injured jumping the fence or arresting Lee or Hanford, and because no one disputes that the insurance company was being reimbursed for medical expenses, we will assume for purposes of this opinion that Lee's counsel's representation of the facts is accurate.

¶ 9. We begin our analysis with the restitution statute, WIS. STAT. § 973.20, which authorizes the trial

court to order restitution. Section 973.20(1r) provides that the court "shall order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing . . . unless the court finds substantial reason not to do so and states the reason on the record." The phrase "[c]rime considered at sentencing" is defined as "any crime for which the defendant was convicted and any read-in crime." Sec. 973.20(1g)(a).

¶ 10. Numerous cases have considered whether law enforcement agencies and officers were victims entitled to restitution. In *Haase*, we discussed these cases, ultimately recognizing that the " 'government is entitled to restitution for losses incurred when it is a victim as a direct result of criminal conduct, but not for collateral expenses incurred in the normal course of law enforcement.' " *Id.*, 293 Wis. 2d 322, ¶ 13 (citation omitted). In the briefs and at oral argument, the parties spent considerable time discussing these law enforcement cases and whether restitution could properly be ordered here, where the State asserts that Lindstrom was a victim of Lee's crime.[5] However, we conclude that we need not reach many of the issues raised in *Haase*, because the resolution of this case is dictated by the definition of the phrase "[c]rime considered at sentencing" provided in WIS. STAT. § 973.20(1g)(a).

¶ 11. As noted, WIS. STAT. § 973.20 authorizes a trial court to order restitution to victims of a "[c]rime considered at sentencing," which includes "any crime

---

[5] The State also asserted that there are two lines of cases involving restitution to law enforcement officers and agencies. We rejected this assertion in *State v. Haase*, 2006 WI App 86, ¶ 13, 293 Wis. 2d 322, 716 N.W.2d 526, and we decline to revisit the argument here.

for which the defendant was convicted and any read-in crime." Sec. 973.20(1g)(a) & (1r). We conclude that this language is clear and unambiguous, and that it requires us to reverse the restitution order. Here, the two crimes that were considered at sentencing were armed robbery (to which Lee pled guilty) and armed burglary (which was read in). Lee was not charged with fleeing an officer, assaulting an officer or any crime related to his flight from officer Lindstrom. Accordingly, Lindstrom was not a victim of a crime considered at sentencing, and neither he nor the insurance company that paid expenses related to his injuries can receive restitution.[6]

¶ 12. The State argues that Lindstrom was a direct victim of the crime of armed robbery because the crime was ongoing at the time the chase occurred. The State explains: "Under Wisconsin law, a crime, such as robbery, '[is] not complete until a successful escape [is] made,' which means reaching a 'safe harbor.' " (Quoting *State v. Pharr*, 115 Wis. 2d 334, 351, 340 N.W.2d 498 (1983); brackets supplied by the State; one set of quotation marks omitted.) This argument misses the point. Even if the armed robbery was still ongoing because Lee had not yet found a "safe harbor," Lindstrom was not a victim of armed robbery, or of armed burglary. Rather, the people living in the home Lee and Hanford broke into were the victims. Thus, Lindstrom is not a victim of a crime considered at sentencing, *see* Wis. Stat. § 973.20(1g)(a), and Lee cannot be ordered to pay restitution to him (or his insurer). *See State v.*

---

[6] United Heartland Insurance Company's claim for restitution is dependent on Lindstrom's status as a victim. *See* Wis. Stat. § 973.20(5)(d) ("If justice so requires," the restitution order may require that the defendant "reimburse any insurer, surety or other person who has compensated a victim for a loss otherwise compensable under this section.").

*Torpen*, 2001 WI App 273, ¶ 14, 248 Wis. 2d 951, 637 N.W.2d 481 ("[I]t is improper to order restitution to a party with no relationship to the crime of conviction or the read-in crimes.").

¶ 13. At oral argument, the State questioned whether it is good policy to compel the State to charge defendants with a crime directly related to an officer's injuries in order to permit restitution for the officer's injuries. Such a question is more appropriate for the legislature, which passed the unambiguous statutory language allowing restitution only for crimes considered at sentencing. *See* WIS. STAT. § 973.20(1r). We are bound to follow the clear and unambiguous language of the statute. *See Johnson v. Burmaster*, 2008 WI App 4, ¶ 8, 307 Wis. 2d 213, 744 N.W.2d 900 (where statute has plain and unambiguous meaning, appellate court's inquiry ceases and court applies plain meaning to the facts.). Consistent with this statutory language, we have denied claims where the claimant was not a victim of a crime considered at sentencing, and we have allowed claims where the claimant was a victim. *See, e.g., Haase*, 293 Wis. 2d 322, ¶¶ 2–4, 14 (where defendant who led sheriff's deputies on a high-speed chase was convicted of first-degree recklessly endangering safety, eluding an officer and resisting arrest, the sheriff's deputies, not the sheriff's department, were victims under § 973.20); *State v. Ortiz*, 2001 WI App 215, ¶¶ 4–6, 21, 247 Wis. 2d 836, 634 N.W.2d 860 (where defendant was convicted of numerous crimes related to his refusal to leave his residence and his threats to harm police officers with his pitbull and a weapon, the police officers, not the police department, were the victims of defendant's crimes); *State v. Howard-Hastings*, 218 Wis. 2d 152, 154, 579 N.W.2d 290 (Ct. App. 1998) (federal government was victim

772

entitled to restitution under § 973.20 where defendant was convicted of criminal damage to property for cutting down government's telephone-type poles); *State v. Schmaling*, 198 Wis. 2d 756, 758–62, 543 N.W.2d 555 (Ct. App. 1995) (where defendant caused accident that led semitanker to burst into flames, county not entitled to restitution for firefighting costs because county was not victim of crimes of second-degree reckless homicide and second-degree recklessly endangering safety).

¶ 14. Because Lindstrom was not a victim of the crimes considered at sentencing, *see* WIS. STAT. § 973.20(1r), the worker's compensation insurance company that paid his expenses is not entitled to restitution. We reverse and remand that portion of the judgment requiring Lee to pay restitution to United Heartland Insurance Company.

*By the Court.*—Judgment affirmed in part, reversed in part.