COURT OF APPEALS
DECISION
DATED AND FILED

January 11, 2023

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    2021AP2212-CR

STATE OF WISCONSIN

Cir. Ct. No.  2021CM63

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JEFFREY W. BUTLER,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Winnebago County: SCOTT C. WOLDT, Judge. *Affirmed*.

¶1    GUNDRUM, P.J.[1]   Jeffrey W. Butler appeals from a judgment of the circuit court ordering restitution.  He "challenges only the $500 ordered for damage to [the victim's] clothing," asserting that there was insufficient evidence presented

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

at the restitution hearing in support of this award. For the following reasons, we affirm.

## *Background*

¶2 Butler was convicted of criminal damage to property for damaging various items belonging to A.S. on or about December 11, 2020. Among other restitution requests, A.S. sought restitution in the amount of $1,940 for damage to her "lotion, perfume, clothes, [and] shoes." The following relevant evidence was presented at the restitution hearing.

¶3 A.S. testified that following the damage to her property, an officer

> laid out all of my clothes and sorted them into brands, tops, bottoms, things like that, and he took pictures of all the items that were damaged and decided which leggings were worth $15, which ones were worth $55, so on and so forth, until all of the items were accounted for that were damaged.

The $1,940 request was based upon research she did on "Google" related to each item that was damaged.

¶4 A.S. testified that every item of clothing she owned was damaged, and "[a]fter it was over[,] I didn't even have a bra or underwear to wear at all." She concurred that she "ha[d] to go out and replace these items so that [she would] have things to wear." When asked if she was "aware of approximately what [she] spent to replace all of these items that were damaged," A.S. responded, "I'm not even close to replacing everything yet. I have probably spent at least $500 on new clothes so far," but agreed that that amount "[a]bsolutely" "doesn't account for everything" Butler had damaged. She concurred that "the research that [she] testified to and the amounts that [she] spent, [were] true and accurate amounts, to the best of [her] recollection."

¶5    On cross-examination, A.S. agreed that the clothing damaged by Butler "had been worn by [her] for some time" but stated that "[m]ost of [her] clothes were less than a year old." She acknowledged she had been "asked by the prosecutor to provide receipts for any damages related to this case" and that she had provided receipts for some of her other damaged items but "not … for any clothing [she had] re-purchased since December of 2020." She confirmed her "estimate of $2,000" for clothing was "based on the purchase price of the new clothing at the time" and on her "Googling the value of the clothes," adding that she "us[ed] apps from stores that [she] bought things at." She again confirmed that she "Googled every damaged item of clothing and determined the amount to re-buy it new," and she also confirmed that as of the date of the restitution hearing, she had "spent approximately $500 on clothing."

¶6    Butler also testified, primarily to various dollar amounts he claimed to have already repaid A.S. related to damage he had caused to her property.

¶7    Following the testimony, the court expressed its disappointment that neither party had presented documentation. Related to A.S., the court stated, "I have nothing other than her testimony saying she's done all this stuff and Googled it and she doesn't bring in any receipts." Related to Butler, the Court expressed, "[t]hen we have [Butler] saying he's paid her all this money." The court stated, "Nothing, I have nothing" and continued, "[s]o the court is left with, *based upon the testimony*, what's a reasonable amount of restitution based upon … [the] damaging of clothes." (Emphasis added.) The court concluded, "I'll put $500 toward clothing." Butler appeals.

## *Discussion*

¶8      Butler asserts that A.S.'s "vague testimony" "did not prove by a preponderance of the evidence that she sustained $500 in clothes-related damages … [or] *any* amount of clothing loss" and "lacked even minimal specificity about the damages she had the burden to prove." "Thus," he continues, "the circuit court should not have ordered restitution for her damaged clothes." He more specifically criticizes that A.S. did not produce any receipts but "presented only her own testimony to support her restitution request." We conclude that the evidence presented was sufficient to support the court's $500 clothing award.

¶9      We note at the outset that

> [a] primary purpose of restitution is to compensate the victim. To that end, this court has consistently recognized that WIS. STAT. § 973.20 creates a presumption that restitution will be ordered in criminal cases and that the restitution statute should be interpreted broadly and liberally in order to allow victims to recover their losses as a result of a defendant's criminal conduct.

*State v. Gibson*, 2012 WI App 103, ¶10, 344 Wis. 2d 220, 822 N.W.2d 500 (citation omitted). Further,

> [w]hen imposing sentence or ordering probation for any crime … for which the defendant was convicted, the court … *shall* order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing … *unless* the court finds *substantial reason not to do so* and states the reason on the record.

WIS. STAT. § 973.20(1r) (emphasis added). We review the circuit court's award of restitution for an erroneous exercise of discretion, *State v. Johnson*, 2002 WI App 166, ¶7, 256 Wis. 2d 871, 649 N.W.2d 284; however, whether a court's restitution

4

order is authorized under a particular set of facts is a question of law we review de novo, **State v. Lee**, 2008 WI App 185, ¶7, 314 Wis. 2d 764, 762 N.W.2d 431.

¶10 Butler insists the circuit court's order in this case is erroneous because it was not based upon evidence but only "speculation or conjecture" and "there was no proof of what was damaged or its value." Missed by Butler is the fact that the *testimony* provided by the victim in this case is "evidence"/"proof." While receipts or other paper documentation might have been helpful, they are not necessary; A.S.'s testimony alone as to her losses was sufficient to support the court's order in this case.

¶11 The circuit court stated that it was making its decision "based upon the testimony." This included A.S.'s sworn testimony providing examples of specific-type items Butler had damaged, including different "brands, tops, bottoms, things like that," "bra[s]," "underwear," more expensive "leggings," less expensive "leggings," and more. Her testimony also included her unambiguous statement that she had already spent "at least $500 on new clothes" to replace the clothes Butler had damaged. We largely defer to the factfinder's credibility determinations related to witnesses, **State v. Below**, 2011 WI App 64, ¶4, 333 Wis. 2d 690, 799 N.W.2d 95 ("[T]he trier of fact is the sole arbiter of the credibility of witnesses ...."), and here the court obviously found A.S.'s testimony credible that she had already spent that much money for replacement clothes. As the finder of fact at a restitution hearing, "the court is free to accept and reject evidence and to give accepted evidence such weight as it desires." **State v. Boffer**, 158 Wis. 2d 655, 663, 462 N.W.2d 906 (Ct. App. 1990). As Butler indicates, the victim bears the burden of proving by a preponderance of the evidence the amount of the loss sustained as a result of a "crime considered at sentencing." *See* WIS. STAT. § 973.20(1g)(a), (14)(a). In this

5

case, the court concluded that A.S. had met this burden, despite the lack of receipts, and we see no error in that conclusion.

¶12 In challenging the $500 restitution award for clothing, Butler relies heavily upon our decision in *State v. Stowers*, 177 Wis. 2d 798, 503 N.W.2d 8 (Ct. App. 1993), but that case affords him no help. In *Stowers*, the circuit court awarded $5,000 in restitution based upon the State's request in argument for that amount and the victim's testimony at sentencing of the defendant "that she had been hospitalized for a week due to a posttraumatic stress disorder resulting from [the defendant's sexual assaults of her] and that she was receiving weekly counseling for her problems." *Id.* at 801. We reversed, concluding the victim provided no testimony as to the cost for either her hospitalization or counseling. *Id.* at 806. By contrast, in this case, in addition to providing examples of specific clothing items Butler had damaged, A.S. also testified that she had already spent $500 to replace some of the damaged clothing. This was the sort of specific testimony that was missing in *Stowers*.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.