**COURT OF APPEALS
DECISION
DATED AND FILED**

**October 24, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP2219-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF873

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

ANDREW FRANK PHILLIPS,

      DEFENDANT-APPELLANT.

---

       APPEAL from a judgment of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Reversed and cause remanded with directions*.

       Before White, C.J., Donald, P.J., and Dugan, J.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Andrew Frank Phillips appeals from the judgment of the circuit court, entered upon a guilty plea, for theft of moveable property from a person as a party to a crime. Phillips challenges the order of restitution in the amount of $2,100. Phillips argues that the evidence was insufficient to support the circuit court's order. Upon review, we vacate the restitution order and remand with directions to hold an evidentiary hearing to determine the proper restitution amount.

## BACKGROUND

¶2 This case arises from an incident on February 18, 2021, when, according to the criminal complaint, D.H. drove the sister of the woman he was in a relationship with to her home on North 78th Street. While D.H. was waiting in the driver's seat of his Mazda CX-5, Phillips entered and sat in the front passenger seat. A co-defendant opened the passenger's side door pointing a firearm at D.H. and Phillips; that man held onto D.H.'s left hand while Phillips fled. The co-defendant ordered D.H. out of the vehicle, fired a gun toward D.H. as he ran, and then he drove away in D.H.'s vehicle. D.H. saw Phillips in a red Buick with the woman he drove home—D.H. hit the trunk and asked to be let into the Buick. While in the Buick, D.H. saw an illuminated cell phone showing a picture of the co-defendant and became concerned that Phillips and the woman were working with the co-defendant. D.H. asked to be dropped off at a gas station where he called police.

¶3 In March 2022, Phillips entered a guilty plea for one count of theft from a person as a party to a crime, after the State reduced the charge from armed robbery as a party to a crime and agreed to dismiss and read in a second count

related to another incident. The circuit court sentenced Phillips to two and one-half years of initial confinement and four years of extended supervision.

¶4     At the sentencing hearing, D.H. testified about the basis of his restitution claim. D.H. testified that he had a leather jacket, his barber kit, and some cash in the car when it was taken by Phillip's co-defendant and those items were missing when the vehicle was recovered. He stated that the barber kit was originally $2,000 when he bought it while studying at Milwaukee Area Technical College in 2010. He estimated he had $20 in change and $300 in cash in the car. He testified that he purchased the luxury brand leather coat for $1,200 about a year earlier.

¶5     D.H. also testified that when the car was recovered, it had four or five scratches on the right side. During cross-examination, D.H. testified that he did not file an insurance claim for the missing items. D.H. testified that he told the police about the missing coat and barber kit, but not the cash.[1] He did not have a receipt for the coat. He replaced the barber kit with a smaller one for $150.

¶6     The court concluded that the proper restitution amount was $2,100. The court found D.H. "to be a credible person." The court noted that D.H. could have embellished his claims, but he did not, and that he was answering to the best of his ability supported his credibility. The court found that the leather coat was worth $900 due to wear and tear. With regard to the barber kit, the court found that because of the age and used items in the original kit, its reasonable value in an

---

[1] We note that the criminal complaint did not identify stolen property within the Mazda other than a handgun that was reported to the police by its owner. The reported gun was not recovered with the vehicle and is not a subject of the restitution order.

online marketplace would be $1,000. The court found that the damage to the car was worth $100 based on his credible testimony of damage, but without any estimates to repair it or receipts of repair. The court found it incredible that D.H. kept more than $300 in cash in the car, and instead found that $100 was reasonable.

¶7 Phillips now appeals the restitution amount.

## DISCUSSION

¶8 Phillips argues that the restitution value set by the circuit court was not an exercise of discretion, but instead, guesswork and judicial will without evidentiary support. Upon our review, we conclude that the circuit court's decision reflected its independent valuation of the damages claimed by D.H. and that valuation was not supported by facts of record. Accordingly, we vacate the restitution order and remand with directions for the court to hold an evidentiary hearing to develop a substantiated record to determine the proper restitution amount.

¶9 When the circuit court imposes a sentence on a defendant convicted of a crime, the court "shall order the defendant to make full or partial restitution[.]" WIS. STAT. § 973.20(1r) (2021-22).[2] To determine whether to order restitution and in what amount, the court shall consider the "amount of loss suffered by any victim as a result of a crime considered at sentencing"; the financial resources and earning ability of the defendant; and any other factors

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

deemed appropriate. Sec. 973.20(13)(a). Determining whether to order restitution and in what amount is within the circuit court's discretion. *See State v. Wiskerchen*, 2019 WI 1, ¶18, 385 Wis. 2d 120, 921 N.W.2d 730.

¶10 We review a restitution order under the erroneous exercise of discretion standard. *Wiskerchen*, 385 Wis. 2d 120, ¶18. "This court may reverse a discretionary decision if the trial court applied the wrong legal standard or did not ground its decision on a logical interpretation of the facts." *State v. Fernandez*, 2009 WI 29, ¶20, 316 Wis. 2d 598, 764 N.W.2d 509. Whether the circuit court "is authorized to order restitution pursuant to WIS. STAT. § 973.20 under a certain set of facts presents a question of law that we review" independently. *State v. Lee*, 2008 WI App 185, ¶7, 314 Wis. 2d 764, 762 N.W.2d 431. This court upholds the findings of fact unless they are clearly erroneous. *Phelps v. Physicians Ins. Co. of Wis., Inc.*, 2009 WI 74, ¶34, 319 Wis. 2d 1, 768 N.W.2d 615.

¶11 Phillips argues that the circuit court's decision to order $2,100 in restitution was an erroneous exercise of discretion because D.H.'s claims were not supported with any documentation. He asserts that D.H. did not provide receipts, police reports, or substitute values based on current sales prices, any of which may have documented the value of the missing items.

¶12 The State contends that D.H.'s testimony is evidence sufficient to support the circuit court's order. "[A]s the finder of fact in a restitution hearing, the court is free to accept and reject evidence and to give accepted evidence such weight as it desires." *State v. Boffer*, 158 Wis. 2d 655, 663, 462 N.W.2d 906 (Ct. App. 1990). "Findings of fact will be affirmed on appeal as long as the evidence would permit a reasonable person to make the same finding." *Wiskerchen*, 385

Wis. 2d 120, ¶30. This court has upheld restitution orders based only on the victim's testimony. *See* *State v. Pope*, 107 Wis. 2d 726, 730-31, 321 N.W.2d 359 (Ct. App. 1982) (upholding a restitution order where the evidence in support of the order was the robbery victim's testimony "about the value of his wrecked car, the cost of certain repairs, the value of some jewelry, and the amount of medical bills"). The record reflects that trial counsel cross-examined D.H. on the valuations, but did not present contradictory evidence. *See* *id.* at 731.

¶13 However, our concern arises out of the restitution amount that the circuit court determined would compensate D.H. *See* *State v. Holmgren*, 229 Wis. 2d 358, 366, 599 N.W.2d 876 (Ct. App. 1999) ("[T]he purpose of restitution is to return the victims to the position they were in before the defendant injured them[.]"). Here, we conclude there was insufficient evidence in the record to support the court's independent valuations of the property. The court did not state a standard under which it was determining value. A restitution order for loss of property may require the defendant to return the property or if that is "impossible, impractical or inadequate," to pay the owner either: (1) the "reasonable repair" cost, (2) the "replacement cost," or (3) the greater of the value of the property at the date of damage or the value of the property at the date of sentencing minus any value for property returned with the rule that the "value of retail merchandise shall be its retail value." WIS. STAT. § 973.20(2)(am).

¶14 When we review the court's decision, we discern an erroneous exercise of discretion because there is no basis for the court's independent valuations for restitution. The court found that the barber kit originally purchased for $2,000, for example, would have a value of $1,000 in an online marketplace. The value of the used and decade-old barber kit was undoubtedly less than the new purchase price, but the court's valuation is not based on facts of record or D.H.'s

testimony. The leather coat was reduced from $1,200 to $900 due to wear and tear on the year-old purchase. Again, the record shows no support for the court's independent valuation. D.H. testified that he kept $320 in cash and change in the car; however, the court found that incredible and reduced this number to $100 as "reasonable." The court found that $100 would compensate D.H. for the scratches on the car; however, D.H. did not testify that he even had a quote to have the scratches repaired.

¶15 Discretionary decision making "contemplates a process of reasoning[,]" which must depend on facts or reasonable inferences of facts of record applied to the proper legal standards. *McCleary v. State*, 49 Wis. 2d 263, 277, 182 N.W.2d 512 (1971). We will disregard such a decision if the court fails to examine the relevant facts, or fails to apply the proper standard of law, or fails to demonstrate a rationale process in its decision making. *Id.* at 277-78. Here, the record does not reflect the circuit court's process to apply facts in the record to an applicable standard of law. While we search the record for evidence to support the court's decision, the court's findings must have some basis in the record to affirm. Accordingly, we remand this matter to determine the reasonableness of the victim's claimed losses under all the circumstances. *See State v. Kayon*, 2002 WI App 178, ¶11, 256 Wis. 2d 577, 649 N.W.2d 334.

¶16 In order to assist the circuit court, we note that according to WIS. STAT. § 973.20(13)(b), the district attorney had the primary responsibility for obtaining information relating to the amount of loss suffered by the victim during the initial sentencing hearing. *See Kayon*, 256 Wis. 2d 577, ¶13. This responsibility is placed on the district attorney because he or she is in the best position to elicit this information. However, for hearings held after sentencing, such as will be the case here, the burden of demonstrating loss by the

preponderance of the evidence shifts to the victim, unless the court orders the district attorney to represent the victim. Here, we believe it appropriate for the circuit court to order the district attorney to represent the victim, D.H., and thereby reinstate the responsibility to the district attorney of obtaining the information from the victim to substantiate the claimed losses. *See id.*, ¶14.

## CONCLUSION

¶17 For the reasons stated above, we conclude that the circuit court's restitution order in Phillips's judgment of conviction constitutes an erroneous exercise of discretion. We vacate the restitution amount and we remand with directions to hold an evidentiary hearing to provide a substantiated record and determine the proper restitution amount. *See id.*, ¶¶12-15 (providing procedure when the record is insufficient to support the circuit court's exercise of discretion).

*By the Court.*—Judgment reversed and remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

8