STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas BOFFER, Defendant-Appellant.†

Court of Appeals

*No. 90–0518–CR. Submitted on briefs September 24, 1990.—Decided October 17, 1990.*

(Also reported in 462 N.W.2d 906.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Elizabeth E. Stephens,* assistant state public defender.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Brown, Scott and Anderson, JJ.

ANDERSON, J. Thomas Boffer appeals from a judgment of conviction and an order of the trial court denying his postconviction motion to modify restitution that had been ordered as a condition of probation. Boffer argues that the trial court abused its discretion in ordering him to reimburse an insurance company for the replacement cost of stolen property, in ignoring prior testimony on the value of the stolen property and in failing to consider his ability to pay restitution.

We affirm the trial court because we conclude that the trial court did exercise its discretion in selecting from a menu of restitution alternatives available to it and in ignoring stale testimony on the value of the stolen property. We also hold that Boffer failed to meet his burden of proof on the question of his inability to pay restitution.

Boffer entered a plea of guilty to one felony count of receiving stolen property, sec. 943.34(1)(b), Stats.[1] The

---

[1]Boffer was originally charged with two counts of burglary,

trial court found him guilty, and, after two restitution hearings, the court withheld sentence and placed Boffer on probation for three years. One of the conditions of probation requires him to pay restitution of $2,242.07.

The testimony presented at the restitution hearings established that a built-in stereo system had been removed from a boat at the Great Lakes Yacht Sales storage yard in Kenosha and that the boat had been damaged during the removal of the stereo. The boat's owner, Bernard Black, received an insurance settlement of $2,377.07, which included the replacement cost of the stereo, $2,242.07.

Boffer's appeal presents two challenges that require us to apply two well-known standards of review. His first challenge is to the trial court's authority to order him to pay restitution equal to the replacement cost of the stereo; this challenge presents a question of law that we review without deference to the trial court. Boffer's second challenge is to the trial court's discretionary decisions selecting the measure of restitution and its decision to regard previous testimony concerning the value of the stereo; this challenge requires us to determine whether the trial court abused its discretion.

Any person convicted of a crime may be ordered to pay restitution under sec. 973.20(1), Stats.[2] The sentenc-

entering the enclosed portion of a boat. After a preliminary examination, these charges were reduced to one felony and one misdemeanor count of receiving stolen property and Boffer was charged as a repeater. The prosecution and defense counsel subsequently entered into a plea bargain to have Boffer plead guilty to the felony in exchange for the dismissal of the misdemeanor and repeater allegation.

[2]Section 973.20, Stats., provides in part:

**973.20 Restitution (1)** When imposing sentence or ordering pro-

bation for any crime, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of the crime or, if the victim is deceased, to his or her estate, unless the court finds substantial reason not to do so and states the reason on the record. Restitution ordered under this section is a condition of probation or parole served by the defendant for the crime. After the termination of probation or parole, or if the defendant is not placed on probation or parole, restitution ordered under this section is enforceable in a civil action by the victim named in the order to receive restitution or enforced under ch. 785.

(2) If the crime resulted in damage to or loss or destruction of property, the restitution order may require that the defendant:

(a) Return the property to the owner or owner's designee; or

(b) If return of the property under par. (a) is impossible, impractical or inadequate, pay the owner or owner's designee the reasonable repair or replacement cost or the greater of:

1. The value of the property on the date of its damage, loss or destruction; or

2. The value of the property on the date of sentencing, less the value of any part of the property returned, as of the date of its return. The value of retail merchandise shall be its retail value.

(3) If the crime resulted in bodily injury, the restitution order may require that the defendant do one or more of the following:

(a) Pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric and psychological care and treatment.

(b) Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation.

(c) Reimburse the injured person for income lost as a result of the crime.

(d) If the injured person's sole employment at the time of the injury was performing the duties of a homemaker, pay an amount sufficient to ensure that the duties are continued until the person is able to resume performance of the duties.

(4) If the crime resulted in death, the restitution order may also require that the defendant pay an amount equal to the cost of necessary funeral and related services under s. 895.04(5).

(5) In any case, the restitution order may require that the defendant do one or more of the following:

(a) Pay all special damages, but not general damages, substan-

resulted in damage or loss of property; sec. 973.20(3) may be applied when the crime caused bodily injury; sec. 973.20(4) may be applied when the crime caused death; and the choices of sec. 973.20(5) may be applied in any case.

Boffer argues that under sec. 973.20(5)(a), Stats., the maximum amount of restitution he could be ordered to pay cannot exceed special damages in a civil proceeding.[3] The argument is unpersuasive because Boffer is confused about the difference between general and special damages.

> General damages are those said to be necessarily implied from the wrong, whereas special damages are those attributable to the wrong by reason of circumstances not generally present in such situations. Stated another way, general damages are those that necessarily result from the injury regardless of its special character, the conditions, or the [victim's] circumstances; special damages are those that *may* be present as the result of a wrongful act, depending on the factual circumstances, and that may be granted along with an award of general damages.

tiated by evidence in the record, which could be recovered in a civil action against the defendant for his or her conduct in the commission of the crime.

(b) Pay an amount equal to the income lost, and reasonable out-of-pocket expenses incurred, by the person against whom the crime was committed resulting from the filing of charges or cooperating in the investigation and prosecution of the crime.

(c) Reimburse any person or agency for amounts paid as rewards for information leading to the apprehension or successful prosecution of the defendant for the crime.

(d) If justice so requires, reimburse any insurer, surety or other person who has compensated a victim for a loss otherwise compensable under this section.

[3]Boffer's reliance on Georgia law is misplaced. Wisconsin's restitution statute is patterned after the federal law, 18 U.S.C. Sec. 3663, and not the Georgia statute.

1 *The Law of Damages in Wisconsin* sec. 1.6 (R. Ware ed. 1988) (emphasis in original; citations omitted).

Contrary to Boffer's argument, sec. 973.20(5)(a), Stats., is not a ceiling on damages; rather, its purpose is to include, within the coverage of the statute, damages and situations not set forth in the preceding subsections. Subsection (a) clearly allows a sentencing court to award special damages if there are no general damages, *i.e.,* the property is returned to the victim who suffered emotional distress. The unambiguous meaning of subsec. (a) is supported by subsecs. (b) and (c), which permit the court to award special or incidental damages in addition to general damages. Finally, subsec. (d) permits reimbursement of a third person and not the victim.

It is Boffer's position that because the stereo was recovered his restitution obligation should be satisfied upon return of the stereo. He insists that the insurance company should take the stereo back and credit him either with the price obtained on the sale of the stereo or its salvage value. The sentencing court held that Boffer was now the owner of the stereo and he could sell it and apply the proceeds toward the restitution he had been ordered to pay.

Boffer's argument ignores sec. 973.20(2), Stats., which explicitly applies to lost property:

> (2) If the crime resulted in damage to or *loss* or destruction of property, the restitution order may require that the defendant:
> (a) Return the property to the owner or owner's designee; or
> (b) *If return of the property* under par. (a) *is* impossible, *impractical* or inadequate, *pay the owner* or owner's designee the *reasonable* repair or *replacement cost . . ..* [Emphasis added.]

661

The sentencing court is given several choices under this plainly worded statute; in this case the sentencing court selected the reasonable replacement cost as the measure of restitution. In making this selection the sentencing court found that the victim had used the check from his insurer to purchase and install a new stereo and that it would be impractical to require the victim to tear out the existing system because the stolen system had been recovered. The sentencing court also found it was impractical to have the insurer sell the electronics. Boffer quarrels with these findings and the sentencing court's selection of the measure of restitution. We do not.

Boffer ignores the simple language of a statute that permits the court to fashion the punishment to fit the crime. The statute is obviously drafted to fit neatly into the court's sentencing discretion. The various sections of the statute are not mutually exclusive, rather they complement each other permitting the court to order restitution that will make the victim whole within the defendant's ability to pay.

We affirm the sentencing court's order that requires Boffer to pay the actual replacement cost of the stereo rather than a lesser amount. The court properly selected and applied sec. 973.20(2)(b), Stats., to the facts of this case.

Boffer complains that the court abused its discretion in refusing to consider testimony presented at the preliminary examination that the fair market value of the stereo was between $600 and $1,000. This complaint fails for two reasons. First, the testimony offered at the preliminary examination was solely for the purpose of establishing probable cause that a felony was commit-

ted.[4] Second, as the finder of fact in a restitution hearing, the court is free to accept and reject evidence and to give accepted evidence such weight as it desires. It was not an abuse of discretion to accept a definite dollar amount from the records of the insurance company and reject a vague valuation of the stereo from the pawnshop owner who had purchased some of the components.

Boffer's final contention is that the court imposed restitution without a finding of an ability to pay. Section 973.20(14)(b), Stats., places the burden upon the defendant to present evidence as to his financial resources and his present and future ability to pay. Boffer did not present any evidence at the sentencing hearing. Instead, he relied upon argument of his counsel and, apparently, also upon information contained in the presentence investigation report (PSI).

The party who has the burden of proof cannot rely upon the PSI or argument of counsel to fulfill this obligation. Boffer failed to present any evidence on either his financial resources or his ability to pay and cannot now complain that the sentencing court failed to consider his financial circumstances. *State v. Szarkowitz,* 157 Wis. 2d 740, 460 N.W.2d 819, 823 (Ct. App. 1990).

*By the Court.*—Judgment and order affirmed.

---

[4]Section 943.34(1)(b), Stats., requires that the value of the stolen property exceed $500 before the act of receiving stolen property is a felony.