COURT OF APPEALS
DECISION
DATED AND FILED

April 23, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP381-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2016CF968

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

BRANDON L. RITTER,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for La Crosse County: TODD W. BJERKE, Judge. *Affirmed*.

Before Blanchard, Graham and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Brandon Ritter appeals a judgment of conviction requiring him to pay $31,089.93 in restitution.  Ritter argues that the circuit court erred by deferring the determination of his ability to pay.  Ritter also argues that the circuit court failed to make a necessary finding that justice required the restitution.  We reject these arguments and affirm.

¶2    Ritter was convicted of delivery of methamphetamine and second-degree recklessly endangering safety.  The charges were based on an incident in which Ritter engaged in a drug transaction and injured a City of La Crosse police investigator while trying to avoid apprehension.   The circuit court imposed consecutive prison terms on each charge, effectively sentencing Ritter to a total of ten years of initial confinement and ten years of extended supervision.  The court ordered restitution to the city's insurance company for costs relating to the investigator's medical treatment.

¶3    Ritter first argues that the circuit court erred by deferring the determination of his ability to pay, contrary to *State v. Loutsch*, 2003 WI App 16, 259 Wis. 2d 901, 656 N.W.2d 781, *overruled on other grounds by State v. Fernandez*, 2009 WI 29, 316 Wis. 2d 598, 764 N.W.2d 509.  We reject this argument for two reasons, either of which would alone be sufficient to affirm.

¶4    First, we disagree that the circuit court deferred the determination of Ritter's ability to pay.  We acknowledge that some of the circuit court's statements, read in isolation, might be read as deferring that determination. When we consider the court's decision as a whole, however, we conclude that the court considered Ritter's ability to pay.  The court in effect found that, even if Ritter had a minimal ability to pay while confined in prison, Ritter was likely to have a significantly greater ability to pay once he was released from confinement and placed on

supervision. The court stated: "I understand he may not have the means to pay this off in the first ten years, *but thereafter he surely would.*" (Emphasis added.) Ritter reads other statements by the court as deferring the consideration of his ability to pay, but, in context, we are satisfied that those statements instead reflect the court's determination that there was no basis to find that Ritter would lack the ability to pay over time. The circuit court's consideration of Ritter's ability to pay over time does not mean that the court deferred its consideration of Ritter's ability to pay.

¶5 Second, Ritter reads *Loutsch* too broadly. In *Loutsch*, this court held that the circuit court may not defer its determination of ability to pay when the defendant presents evidence on ability to pay. *See Loutsch*, 259 Wis. 2d 901, ¶¶25-28. Here, although Ritter's counsel made assertions regarding Ritter's ability to pay, Ritter did not present evidence.

¶6 This lack of evidence places Ritter's case on different footing from *Loutsch* and makes Ritter's case more like *State v. Boffer*, 158 Wis. 2d 655, 462 N.W.2d 906 (Ct. App. 1990). In *Boffer*, we concluded that an appellant could not "complain that the sentencing court failed to consider his financial circumstances" when he failed to present evidence of those circumstances. *See id.* at 663. Our conclusion was based on the restitution statute, which "places the burden upon the defendant to present evidence as to [the defendant's] financial resources and [the defendant's] present and future ability to pay." *See id.*

¶7 We turn to Ritter's argument that the circuit court failed to make a necessary finding that justice required restitution. The parties agree that, under the restitution statute, the court could order restitution to the city's insurance company

only upon a finding that "justice so requires." *See* WIS. STAT. § 973.20(5)(d).[1] The parties disagree, however, on whether the circuit court made such a finding.

¶8      We agree with the State that the circuit court made a finding, albeit an implicit one, that justice required restitution to the insurance company. As Ritter concedes, in the circuit court both parties addressed whether justice required Ritter to reimburse the insurance company. Ritter's counsel repeatedly made reference to this statutory standard. Counsel asserted: "[T]here is an additional finding that the Court must make and that's that justice requires that restitution be ordered…. I do not think that justice requires that the insurance company be reimbursed here." Ritter's counsel similarly asserted that the circuit court could order restitution to the insurance company "only if justice so requires." Given the arguments before the circuit court, we conclude that, when the court ordered restitution to the insurance company, the court made an implicit finding that justice so required. The finding need not have been explicit. *See Fernandez*, 316 Wis. 2d 598, ¶62 n.32; ***State v. Gibson***, 2012 WI App 103, ¶15, 344 Wis. 2d 220, 822 N.W.2d 500 ("[T]he circuit court's determination that justice required [the defendant] to pay restitution to Acuity is implicit in its finding that Acuity was entitled to restitution.").

¶9      Ritter argues that the circuit court made statements showing that it could not have made a finding that justice required restitution to the city's insurance company. Ritter points to the following circuit court statements:

> Well, it doesn't matter what I say. Restitution is ordered, it's ordered. I don't care who the victim is. If it's a rich person or a poor person, restitution is restitution. That's part of an obligation somebody has when they are held accountable.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

We disagree with Ritter's interpretation of these statements.

¶10    First, the circuit court's "it doesn't matter what I say" statement was not in reference to whether the court should order restitution to the insurance company. Rather, that statement appears to have been the court's response to an argument Ritter's counsel made regarding the deduction of funds from Ritter's prison account. Second, the remainder of the court's statements *support* our conclusion that the court made an implicit finding that justice required restitution to the insurance company. Read in context of the parties' arguments, the court was rejecting the view that Ritter should be allowed to avoid responsibility for the financial consequences of his crimes solely because those consequences fell on the city's insurance company.

¶11    In sum, for the reasons stated above, we affirm the judgment of conviction against Ritter.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.